[Cite as *Deutsche Bank v. Terdina*, 2012-Ohio-5940.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TITLE CO., ETC., | ) ) ) | |
| PLAINTIFF-APPELLEE, | ) ) | CASE NO. 12 CO 3 |
| V. | ) ) | OPINION |
| THOMAS R. TERDINA, ET AL., | ) ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Court of Common Pleas of Columbiana County, Ohio Case No. 11CV428

JUDGMENT: Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee

Atty. Jason A. Whitacre
Atty. Laura C. Infante
4500 Courthouse Blvd., Suite 400
Stowe, Ohio 44224

For Defendants-Appellants

Atty. Bruce M. Broyles
5815 Market Street, Suite 2
Boardman, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: December 13, 2012

DONOFRIO, J.

{¶1} Defendants-appellants, Thomas and Kimberly Terdina, appeal from a Columbiana County Common Pleas Court judgment denying their Civ.R. 60(B) motion for relief from judgment.

{¶2} Plaintiff-appellee, Deutsche Bank National Trust Company as Trustee for Aames Mortgage Trust 2002-1 Mortgage Pass-Through Certificates Series 2002-1, is the assignee of appellants' home mortgage. Appellants' home is located in Hammondsville, Ohio.

{¶3} On June 14, 2011, appellee filed a complaint in foreclosure against appellants alleging that appellants owed $48,440.88 as of August 1, 2010. Kimberly was served with the complaint on June 18.

{¶4} Appellants failed to file an answer and, on September 19, 2011, appellee filed a motion for default judgment. That same day, the trial court issued a default judgment in the requested amount and an order of foreclosure. A few days later, the court issued an order of sale.

{¶5} On October 24, 2011, appellants filed a Civ.R. 60(B) motion for relief from judgment. In support of their motion, appellants alleged that appellee was not entitled to foreclose on the mortgage because a condition precedent of acceleration was not performed and the mortgage and accompanying note were not properly placed within the applicable trust. They further alleged that their failure to respond to the complaint was due to excusable neglect and or fraud. They asserted that after receiving the complaint, they received a letter from appellee's counsel advising them to contact Ocwen Loan Servicing, LLC (Ocwen) if they had any questions. They stated that they contacted Ocwen and the trial court and were led to believe it was not necessary to take any action and they would be given the opportunity to resolve the matter at a hearing. However, they stated no hearing was scheduled and the court entered default judgment the day appellee filed the motion.

{¶6} The trial court denied appellants' Civ.R. 60(B) motion without a hearing. It found that appellants had "sufficiently alleged a meritorious defense." However, it denied the motion upon its further finding that appellants could not establish

excusable neglect or fraud.

{¶7}   Appellants filed a timely notice of appeal on January 18, 2012.

{¶8}   Appellants raise a single assignment of error, which states:

THE TRIAL COURT ERRED IN DENYING THE MOTION FOR RELIEF FROM JUDGMENT.

{¶9}   Appellants break their assignment of error down into two issues.  First, appellants argue that the trial court abused its discretion in finding that they did not establish excusable neglect.  They assert they did not act with a complete disregard for the judicial system.  They state that when they received the complaint, they contacted the trial court.  They further state that when appellee instructed them to contact the loan servicing company, they did so and were led to believe that a hearing would be held during which they could resolve the matter.  Appellants assert that these facts establish excusable neglect.

{¶10}   The Ohio Supreme Court set out the controlling test for Civ.R 60(B) motions in *GTE Automatic Elec., Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus:

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶11}   If the movant fails to satisfy any of the above elements, the court shall deny relief. *Argo Plastic Products Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984), citing *GTE*, at 151.

{¶12}   The standard of review used to evaluate the trial court's decision to

grant or deny a Civ.R. 60(B) motion is abuse of discretion. *Capital, Inc. v. Rock N Horse, Inc.*, 9th Dist. No. 21703, 2004-Ohio-2122, ¶9. Abuse of discretion connotes more than an error in judgment; it implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶13}** We will address the *GTE* elements out of order for ease of discussion. There is no issue with the first or third elements.

**{¶14}** As to the first element, the trial court found that appellants "sufficiently alleged a meritorious defense." In their motion, appellants raised two defenses. First, they asserted that appellee failed to meet a condition precedent of acceleration of the loan balance because the lender failed to give proper notice of acceleration. Second, appellants asserted that appellee lacked capacity to file the lawsuit because it is only a trustee and the mortgage and note were not properly transferred into the trust. Because the trial court found that appellants satisfied the first *GTE* element in asserting a meritorious defense, we need not discuss this element further.

**{¶15}** As to the third element, the trial court entered default judgment on September 19, 2011. Appellants filed their motion for relief from judgment just over a month later on October 24, 2011. This was a reasonable time within which to file the motion.

**{¶16}** As to the second element, the trial court found that appellants did not demonstrate excusable neglect or fraud and, therefore, did not satisfy the second *GTE* element.

**{¶17}** The second element of the *GTE* test requires that the moving party be entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). The grounds for relief under Civ.R. 60(B) and the second *GTE* element are:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

**{¶18}** In their motion, appellants asserted they were entitled to relief based on excusable neglect under Civ.R. 60(B)(1) and fraud under Civ.R. 60(B)(3). In their brief on appeal, they rely exclusively on excusable neglect.

**{¶19}** In support of their allegation of excusable neglect, appellants offered Thomas's affidavit. In his affidavit, Thomas averred the following. Shortly after receiving the complaint, Thomas contacted the trial court by telephone. (Terdina Aff. ¶3). Shortly after receiving the complaint, appellants received a letter from appellee's attorney. (Terdina Aff. ¶4). The letter instructed appellants to contact Ocwen if they had any questions. (Terdina Aff. ¶5). Thomas contacted Ocwen. (Terdina Aff. ¶6). Based on the information provided to Thomas during the above referenced telephone conferences, he formed the belief that a hearing would be conducted, that appellants would receive notice of the hearing, and appellants could appear at the hearing and discuss a resolution of the matter. (Terdina Aff. ¶7). No hearing was conducted and appellants received a copy of the default judgment entry in the mail. (Terdina Aff. ¶8).

**{¶20}** Attached to the affidavit, Thomas provided a copy of the letter from appellee's counsel dated June 24, 2011, less than a week after the lawsuit was served. The letter stated that appellants could bring their loan current and reinstate the loan by paying $4,590.90 to Ocwen. It also stated, "If you have any questions regarding this reinstatement, please call Ocwen Loan Servicing, LLC at 877-596-8580."

**{¶21}** The trial court found inexcusable neglect because appellants did not "state to whom they spoke or even what an identified person said. They merely

indicated that they 'formed a belief' that no Answer was required."

**{¶22}** The Ohio Supreme Court has only defined "excusable neglect" in the negative. The Court has stated that neglect is not excusable if it is an act of complete disregard for the judicial system. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996).

**{¶23}** Additionally, the Court has cautiously advised that where a party presents a meritorious defense in a timely manner, the trial court should resolve any doubt on the categorization of neglect in favor of the motion to set aside the judgment so that cases can be decided on their merits. *WFMJ Television, Inc. v. AT&T Federal Systems*, 7th Dist. No. 01-CA-69, 2002-Ohio-3013, ¶21, citing *GTE*, 47 Ohio St.2d at 151. "This can be interpreted as meaning: the more merit to the defense, the more neglect that will be permitted." *Fifth Third Bank v. Perry*, 7th Dist. No. 03-MA-100, 2004-Ohio-1543, ¶16.

**{¶24}** Here appellants did not act with a "complete disregard" of the judicial system. They received the complaint stating that they owed the $48,440.88 balance due on their mortgage. But just days later, they received a letter from appellee's counsel stating that they could reinstate their mortgage if they paid $4,590.90 to the loan servicing company. In the letter, appellee's counsel instructed appellants to call the loan servicing company with any questions. According to Thomas's affidavit, he did just as appellee's counsel instructed him to do and called Ocwen. Thomas's phone conference then led him to believe that a hearing would be set at which the matter would be resolved. Presumably, appellants were waiting for notice of the hearing when they received a copy of the default judgment. They then promptly filed their motion for relief from judgment just over a month later.

**{¶25}** Given these facts, we conclude that the trial court abused its discretion in denying appellants' motion for relief from judgment. Thomas's affidavit coupled with the corroborating letter from appellee's counsel demonstrate that appellants believed that they were complying with what they needed to do in order to resolve the issue of their overdue mortgage. In light of the fact that appellants presented a

meritorious defense in a timely manner, the trial court should have resolved any doubt on the categorization of neglect in appellants' favor.

**{¶26}** Second, appellants argue that the trial court erred in denying their motion for relief from judgment without holding a hearing. Appellants point out that the trial court found that they should have identified the individuals to whom they spoke and the information that was conveyed to them during these telephone conversations. They contend that these more detailed and specific facts should have been explored during a hearing on their motion especially in light of the fact that the trial court found that they had demonstrated a meritorious defense.

**{¶27}** In *WFMJ*, 2002-Ohio-3013, ¶26, this court discussed when a hearing on a Civ.R. 60(B) motion is necessary:

> It seems that the correct interpretation of case law surrounding the need for a hearing on a Civ.R. 60(B) motion is as follows. The court can deny relief from judgment without a hearing if the motion fails to even allege sufficient operative facts. The court must hold a hearing where sufficient operative facts are alleged but are not believed by the court or are disputed by the other party. Hence, a hearing was only required where the court granted relief if: the facts alleged support relief if believed and the plaintiff disputed the veracity of the facts alleged. The rationale behind this interpretation is that a court can apply law to facts without the need for a hearing; this is done as a matter of law. However, when facts are disputed by the parties or suspected by the court, the court must hold a hearing to evaluate credibility and weight.

**{¶28}** In this case, because appellants alleged sufficient operative facts and because it seems that the trial court did not believe them, the trial court should have held a hearing to evaluate whether appellants' assertion of the facts was true.

**{¶29}** However, a hearing was not required in order to grant the motion for relief from judgment. As this court observed in *Perry*, 2004-Ohio-1543, ¶27 (internal

citation omitted):

> Although the Supreme Court has stated that a court should hold a hearing to verify the facts before granting a motion, it has also stated that it would not further the interests of justice to require a hearing where the motion sufficiently alleged a valid Civ.R. 60(B) claim. * * * In *Kay*, the Supreme Court granted relief without remanding for a hearing where the trial court had previously denied relief without a hearing.

**{¶30}** Thus, in *Perry*, upon finding that the trial court should have granted Perry's Civ.R. 60(B) motion, we simply reversed the trial court's denial of Civ.R. 60(B) relief and ordered the trial court to vacate the default judgment and reinstate the lawsuit instead of remanding for a hearing on the motion.

**{¶31}** Because we find that the trial court should have granted appellants' motion, we will follow the same resolution as in *Perry* instead of remanding the case for an evidentiary hearing.

**{¶32}** Accordingly, appellants' sole assignment of error has merit.

**{¶33}** For the reasons stated above, the trial court's judgment is hereby reversed and this matter is remanded for the trial court to vacate the default judgment and reinstate the lawsuit.

Waite, P.J., concurs.

DeGenaro, J., dissents with attached dissenting opinion.

DeGenaro, J., dissenting:

**{¶34}** I would affirm the trial court's decision for two reasons. First, the Terdinas used an improper avenue to challenge the judgment; they should have filed an appeal rather than a motion for relief from judgment. Second, they failed to establish grounds for relief under Civ.R. 60(B); thus, the trial court did not abuse its discretion in denying the motion.

**{¶35}** First, the default judgment entry is dated September 19, 2011. Instead of filing a timely notice of appeal within 30 days as required by App.R. 4, the Terdinas filed a motion to vacate on October 24, 2011. This was five days after their time to appeal had expired. It is well-settled law in Ohio that a motion for relief from judgment cannot be a substitute for an appeal. *Doe v. Trumbull County Children Services Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus.

**{¶36}** Second, the Terdinas did not establish excusable neglect as contemplated by Civ.R. 60(B)(1). The trial court rejected this claim, reasoning:

> The Defendants argue that "Defendants contacted Ocwen Loan Servicing and the Court. Defendants *formed the belief* that they could discuss a resolution of the matter at hearing."

> The Defendants do not state to whom they spoke or even what an *identified person* said. They merely indicate that they "formed a belief" that no Answer was required. This is insufficient to constitute excusable neglect. (Emphasis added.)

**{¶37}** There is competent, credible evidence supporting the trial court's decision to deny relief from judgment and therefore the trial court did not abuse its discretion. The trial court's findings were based upon averments made by Thomas and Kimberly Terdina that they were aware of the lawsuit, and after being served with the Complaint received correspondence from Deutsche Bank's counsel advising them to contact Ocwen with any questions. Although the couple averred they contacted unidentified individuals at Ocwen and the trial court; they made no averments regarding exactly what either Ocwen or court personnel told them to create their "belief" that they did not have to respond to the Complaint and would receive notice of a future hearing at which the matter would be resolved. This belief is contradicted by the language in the summons advising the Terdinas that they were

required to file an Answer within 28 days of service of the Complaint, or run the risk of default judgment being entered against them. The Terdinas presented no evidence to the trial court identifying who specifically, at either Ocwen or the court, told them, for example, to disregard the language in the summons and not file an Answer. As found by the trial court, they merely made the unsupported claim that they "believed" they did not have to answer. The Terdinas failed to allege specific operative facts demonstrating excusable neglect in this matter and the trial court properly denied the motion for relief from judgment.

{¶38} A motion for relief from judgment is not a procedural mechanism to be used to circumvent the expired jurisdictional requirement of App.R. 4(A) to obtain review of an unfavorable judgment. And mindful of our deferential standard of review, the trial court's decision should be affirmed because the Terdinas failed to establish a basis for relief pursuant to Civ.R. 60(B)(1).