[Cite as *Martin v. Taylor*, 2024-Ohio-2871.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## NOBLE COUNTY

TRAMAINE E. MARTIN,

Plaintiff-Appellant,

v.

JASON TAYLOR ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 NO 0514**

---

Civil Appeal from the
Court of Common Pleas of Noble County, Ohio
Case No. 222-0014

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

Tramaine E. Martin*,* Plaintiff-Appellant and

*Atty. Dave Yost,* Ohio Attorney General, and *Atty. Salvatore P. Messina*, Assistant Attorney General, Criminal Justice Section, Corrections Litigation Unit, for Defendants-Appellees.

Dated:  July 26, 2024

**DICKEY, J.**

{¶1}  Pro se Appellant, Tramaine E. Martin, appeals from the February 7, 2024 judgment of the Noble County Court of Common Pleas granting Appellees', Jason Taylor and Jay Forshey, motion for summary judgment and denying his motion for summary judgment.  On appeal, Appellant asserts his $1,400 economic impact payment ("EIP") under the American Rescue Plan Act of 2021 ("ARPA") is exempt from garnishment to pay court costs.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}  COVID-related economic relief payments were authorized by the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act"), the Consolidated Appropriations Act of 2021 ("CAA"), and ARPA.  Congress enacted these statutes in part to provide economic relief during the COVID-19 pandemic via direct payments to eligible Americans. Congress directed the Secretary of the Treasury pursuant to the CARES Act to make a $1,200 refundable tax credit (EIP1) available to all eligible individuals in the United States.  The CAA then provided for an additional $600 payment (EIP2).  Congress authorized a third round of payments pursuant to ARPA for $1,400 (EIP3).  Before issuing any federal income tax refunds, the Secretary of the Treasury is required to offset against the refund any debts a taxpayer may owe to another federal agency.  *See Prance v. United States*, 2023 WL 6799101, *1 (U.S. Ct. of Fed. Claims Oct. 13, 2023).

{¶3}  The following facts and procedural history were taken from Appellant's first appeal, Case No. 22 NO 0494, *Martin v. Taylor*, 2023-Ohio-1021 (7th Dist.):

Appellant is incarcerated at the Noble Correctional Institution, located in Noble County. Appellee Jason Taylor is a cashier at the institution and Appellee Jay Forshey is the warden. Appellant's prison term arose from Cuyahoga County convictions.

During the COVID-19 pandemic, the United States provided three stimulus checks to citizens. At issue, here, is the third stimulus check. It appears that Appellant received the first two checks, which were deposited into his prison

trust account without issue and neither check was garnished. However, when Appellant received the third check, he received correspondence dated May 12, 2021 from Appellee Taylor titled "Court Order to Pay a Stated Obligation." The correspondence noted that the institution had received a certified copy of a Cuyahoga County judgment entry ordering Appellant to pay what appears to be court costs in the amount of $594.50 to the Cuyahoga County Court of Common Pleas, $217.06 to the Cuyahoga County Court of Common Pleas, and $344.97 to the United States District Court for the Southern District of Ohio. Appellant was also informed in this correspondence that he could assert any applicable exemption found within R.C. 2329.66 in order to avoid garnishment. Appellant was advised he had until May 26, 2021 to raise any such exemptions and that Taylor would review and reach a decision relative to garnishment within fourteen days of receipt.

Appellant filed an objection to garnishment pursuant to R.C 2329.66(A)(9)(f), which provides an exemption for monies received pursuant to section 24 or 32 of the Internal Revenue Code of 1986, 26 U.S.C. 1. According to Appellant, the stimulus check derived from the CARES Act, which classified these checks as earned income credit. Appellant also contends the check was exempt from garnishment pursuant to R.C. 2329.66(A)(3) as a tax refund. It appears that Appellant's request for exemption was denied.

As a consequence, on March 10, 2022, Appellant filed a civil complaint naming Appellees as defendants. The complaint claimed: (1) Appellant is entitled to restitution as an equitable remedy, (2) Appellee Taylor misappropriated his funds, (3) Appellee Forshey breached a duty of trust for failing to ensure the funds were appropriately handled, and (4) Appellee Forshey failed to intervene in the wrongful garnishment of Appellant's trust account.

On April 11, 2022, the Ohio Attorney General's Office filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) on behalf of Appellees. In this motion, Appellees asserted that Appellant failed to provide any statute or other lawful basis that would exempt his stimulus check from garnishment. Appellees claim that Appellant's general assertion the checks are exempt under the CARES Act involves overly broad law that is not applicable, here. Even so, Appellees contend that Appellant failed to join a necessary party to the action, the respective clerks of courts who requested payment.

On June 1, 2022, the trial court granted the motion to dismiss, finding that the stimulus checks were issued as part of the American Rescue Plan and not the CARES Act. The court did not address the remaining claims regarding Forshey's alleged breach of duty and failure to ensure proper handling of prisoner funds. Presumably, these claims were denied on the basis that the funds were not exempt from garnishment, and so were not mishandled.

*Martin*, 2023-Ohio-1021, at ¶ 2-7 (7th Dist.).

{¶4} Appellant appealed the trial court's June 1, 2022 judgment dismissing his complaint for restitution and misappropriation against his correctional institution pursuant to Civ.R. 12(B)(6). *Id.* at ¶ 1. On March 24, 2023, this court determined the trial court prematurely dismissed Appellant's complaint under the standard of Civ.R. 12(B)(6) and we reversed and remanded for further proceedings. *Id.* at ¶ 13, 21.

{¶5} On April 11, 2023, Appellant filed a pro se motion for summary judgment. On May 3, 2023, the trial court held a status conference/scheduling hearing. On June 30, 2023, Appellees filed a motion for summary judgment. Appellant filed a response on July 12, 2023.

{¶6} On February 7, 2024, the trial court granted Appellees' motion for summary judgment and denied Appellant's motion. The court found, "the legal authority cited by [Appellant] does not support his contention that the EIP[3] payment at issue is exempt

Case No. 24 NO 0514

from garnishment, by way of R.C. 2329.66(A)(9)(f), nor does he provide any authority to support his position that the payment is not a refund." (2/7/2024 Judgment Entry, p. 5).

**{¶7}** Appellant filed this appeal, Case No. 24 NO 0514, and raises one assignment of error.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED SUMMARY JUDGMENT IN FAVOR OF MARTIN AND GRANTED SUMMARY JUDGMENT IN FAVOR OF TAYLOR AND FORSHEY.**

**{¶8}** In his sole assignment of error, Appellant argues the trial court erred in granting Appellees' motion for summary judgment.

> An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

> "(T)he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75

Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293, 662 N.E.2d 264. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327, 364 N.E.2d 267.

*Doe v. Skaggs*, 2018-Ohio-5402, ¶ 10-12 (7th Dist.).

**{¶9}** Appellant claims the only question that remains is whether the $1,400 EIP qualified as an earned income credit that was fully exempt from garnishment to pay court costs.

**{¶10}** Although Appellant believes the trial court misconstrued ARPA, he instead relies on the CARES Act and the CAA arguing that the EIP3 stimulus check is exempt from garnishment. However, the CARES Act, the CAA, and ARPA are separate laws with differing language. ARPA funds are collectible by lenders whereas CARES Act and CAA funds are mainly protected from garnishments.

ARPA, unlike the CAA, does not exempt stimulus payments from garnishments for court-ordered fines and restitution. Under § 272(d)(2)(A) of the CAA, "no applicable payment shall be subject to execution, levy, attachment, garnishment, or other legal process." Under § 272(d)(2)(E)(v), a "garnishment order" is defined as a "writ, order, notice, summons, judgment, levy, or similar written instruction issued by a court, a State, or State agency." On the contrary, ARPA only provided protections against

reduction or offset for past-due federal taxes, unpaid child support, debts owed to federal agencies, past-due State income tax obligations, and unemployment compensation debts. 117 Pub. L. 2, § 9601, 135 Stat. 4, 143 (2021).

*Coleman v. New Jersey Dep't of Corr.*, 2023 WL 8596140, *2 (N.J. Super. Ct. App. Div. Dec. 12, 2023); *see also Kellar v. Inch*, 2021 WL 4876147, *3 (U.S. Dist. Ct., S.D. Florida July 6, 2021) ("the rules regarding protections of [$1,400] EIP3 are governed by the ARP[A], which provides protection against only reduction or offset of past-due Federal taxes, unpaid child support, debts owed to Federal agencies, past-due State income tax obligations, and unemployment compensation debts"); *Treadwell v. Mnuchin*, 2021 WL 1734338, *3 (U.S. Dist. Ct., S.D. Ohio May 3, 2021) (Like the CAA, CARES Act checks are mainly protected from garnishments under Ohio law).

**{¶11}** In this case, the $1,400 stimulus check was issued as part of ARPA, not the CARES Act or the CAA. *See Martin*, 2023-Ohio-1021, at ¶ 7 (7th Dist.); *Stimulus Payment Amounts and Qualification – Tax Guide*, https://www.1040.com/tax-guide/coronavirus-pandemic-news-and-resources/stimulus-payment-amounts-and-qualification (accessed May 22, 2024). Thus, Appellant's EIP3 payment under ARPA is not exempt from garnishment to pay court costs. *Coleman* at *2; *Kellar* at *3.

**{¶12}** Accordingly, the trial court did not err in granting Appellees' motion for summary judgment and denying Appellant's motion for summary judgment.

## CONCLUSION

**{¶13}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The February 7, 2024 judgment of the Noble County Court of Common Pleas granting Appellees' motion for summary judgment and denying Appellant's motion for summary judgment is affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 24 NO 0514

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Noble County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**