[Cite as *Martin v. Taylor*, 2024-Ohio-3207.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## NOBLE COUNTY

TRAMAINE E. MARTIN,

Plaintiff-Appellant,

v.

JASON TAYLOR ET AL.,

Defendants-Appellees.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 24 NO 0514

---

Application for Reconsideration

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

Tramaine E. Martin, Plaintiff-Appellant and

*Atty. Dave Yost,* Ohio Attorney General, and *Atty. Salvatore P. Messina*, Assistant Attorney General, Criminal Justice Section, Corrections Litigation Unit, for Defendants-Appellees (No Response Filed).

Dated: August 21, 2024

**PER CURIAM.**

{¶1} On August 9, 2024, Appellant, Tramaine E. Martin, filed a pro se application requesting that this court reconsider our decision in *Martin v. Taylor*, 2024-Ohio-2871 (7th Dist.), in which we affirmed the judgment of the Noble County Court of Common Pleas granting Appellees', Jason Taylor and Jay Forshey, motion for summary judgment and denying his motion for summary judgment. On appeal, we found Appellant's $1,400 economic impact payment ("EIP") under the American Rescue Plan Act of 2021 ("ARPA") is not exempt from garnishment to pay court costs. Appellant contends this court's decision was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A).

> App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

*D.G. v. M.G.G.*, 2019-Ohio-1190, ¶ 2 (7th Dist.).

{¶2} In his application, Appellant contends this court created a "'conflict preemption'" in pitting his position against Appellees' and claims we "never considered Congress's clear objective to make the ARPA exempt to court-cost obligations[.]"

(8/9/2024 Appellant's Application for Reconsideration, p. 1, 3). Thus, Appellant believes "this Court ought to reconsider its decision and reverse on grounds that the ARPA, itself, exempted the funds misappropriated from Appellant's trust account." (*Id.* at p. 3).

**{¶3}** Contrary to Appellant's assertions, the record establishes this court did not make any obvious errors or render a decision that is not supported by the law.

**{¶4}** In *Martin*, we stated the following:

> COVID-related economic relief payments were authorized by the Coronavirus Aid, Relief, and Economic Security Act of 2020 ("CARES Act"), the Consolidated Appropriations Act of 2021 ("CAA"), and ARPA. Congress enacted these statutes in part to provide economic relief during the COVID-19 pandemic via direct payments to eligible Americans. Congress directed the Secretary of the Treasury pursuant to the CARES Act to make a $1,200 refundable tax credit (EIP1) available to all eligible individuals in the United States. The CAA then provided for an additional $600 payment (EIP2). Congress authorized a third round of payments pursuant to ARPA for $1,400 (EIP3). Before issuing any federal income tax refunds, the Secretary of the Treasury is required to offset against the refund any debts a taxpayer may owe to another federal agency. *See Prance v. United States*, 2023 WL 6799101, *1 (U.S. Ct. of Fed. Claims Oct. 13, 2023).

> . . .

> Appellant claims the only question that remains is whether the $1,400 EIP qualified as an earned income credit that was fully exempt from garnishment to pay court costs.

> Although Appellant believes the trial court misconstrued ARPA, he instead relies on the CARES Act and the CAA arguing that the EIP3 stimulus check is exempt from garnishment. However, the CARES Act, the CAA, and ARPA are separate laws with differing language. ARPA funds are collectible by lenders whereas CARES Act and CAA funds are mainly protected from garnishments.

ARPA, unlike the CAA, does not exempt stimulus payments from garnishments for court-ordered fines and restitution. Under § 272(d)(2)(A) of the CAA, "no applicable payment shall be subject to execution, levy, attachment, garnishment, or other legal process." Under § 272(d)(2)(E)(v), a "garnishment order" is defined as a "writ, order, notice, summons, judgment, levy, or similar written instruction issued by a court, a State, or State agency." On the contrary, ARPA only provided protections against reduction or offset for past-due federal taxes, unpaid child support, debts owed to federal agencies, past-due State income tax obligations, and unemployment compensation debts. 117 Pub. L. 2, § 9601, 135 Stat. 4, 143 (2021).

*Coleman v. New Jersey Dep't of Corr.*, 2023 WL 8596140, *2 (N.J. Super. Ct. App. Div. Dec. 12, 2023); *see also Kellar v. Inch*, 2021 WL 4876147, *3 (U.S. Dist. Ct., S.D. Florida July 6, 2021) ("the rules regarding protections of ($1,400) EIP3 are governed by the ARP(A), which provides protection against only reduction or offset of past-due Federal taxes, unpaid child support, debts owed to Federal agencies, past-due State income tax obligations, and unemployment compensation debts"); *Treadwell v. Mnuchin*, 2021 WL 1734338, *3 (U.S. Dist. Ct., S.D. Ohio May 3, 2021) (Like the CAA, CARES Act checks are mainly protected from garnishments under Ohio law).

In this case, the $1,400 stimulus check was issued as part of ARPA, not the CARES Act or the CAA. *See Martin*, 2023-Ohio-1021, at ¶ 7 (7th Dist.); *Stimulus Payment Amounts and Qualification – Tax Guide*, https://www.1040.com/tax-guide/coronavirus-pandemic-news-and-resources/stimulus-payment-amounts-and-qualification (accessed May 22, 2024). Thus, Appellant's EIP3 payment under ARPA is not exempt from garnishment to pay court costs. *Coleman* at *2; *Kellar* at *3.

Accordingly, the trial court did not err in granting Appellees' motion for summary judgment and denying Appellant's motion for summary judgment.

*Martin*, 2024-Ohio-2871, at ¶ 2, 9-12.

**{¶5}** Upon consideration of the App.R. 26(A) application filed in the present matter, it is apparent that Appellant has not demonstrated any obvious errors or raised any issues that were not adequately addressed in our previous opinion. This court is not persuaded that we erred as a matter of law.

**{¶6}** An application for reconsideration is not designed to be used in situations wherein a party simply disagrees with the logic employed or the conclusions reached by an appellate court. *Owens,* 112 Ohio App.3d at 336. App.R. 26(A) is meant to provide a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders a decision that is not supported by the law. *Id.* Appellant has made no such demonstration.

**{¶7}** For the foregoing reasons, Appellant's pro se application for reconsideration is hereby denied.

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**

Case No. 24 NO 0514