[Cite as *Prey v. Franciscan Univ. of Steubenville*, 2024-Ohio-4871.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

## DALE PREY,

### Plaintiff-Appellant,

### v.

## FRANCISCAN UNIVERSITY OF STEUBENVILLE, ET AL.,

### Defendant-Appellee.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 24 JE 0004

---

Application for Reconsideration

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Overruled.

---

Dale Prey, Plaintiff-Appellant and

*Atty. Adam M. Martello* and *Atty. Derek T. Teeter*, Husch Blackwell LLP, for Defendant-Appellee.

Dated: October 3, 2024

**PER CURIAM.**

{¶1} On August 22, 2024, Appellant, Dale Prey, acting *pro se*, filed an application for reconsideration of our August 13, 2024 opinion and judgment entry in *Prey v. Franciscan Univ. of Steubenville*, 2024-Ohio-3087 (7th Dist.), in which we affirmed the dismissal of Appellant's claims for defamation, tortious interference with contract, civil conspiracy, breach of contract, and fraud against his former employer, Appellee, Franciscan University of Steubenville ("University") and five University students identified as "John Does #1-5." We concluded the trial court did not have subject matter jurisdiction over Appellant's claims because they were predicated upon interpretation of religious dogma in contravention of the ecclesiastical abstention doctrine. The University filed its opposition brief to the application for reconsideration on August 28, 2024.

{¶2} App.R. 26, which provides for the filing of an application for reconsideration, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *D.G. v. M.G.G.*, 2019-Ohio-1190, ¶ 2 (7th Dist.). The test generally applied is whether the application for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *Martin v. Taylor*, 2024-Ohio-3207, ¶ 1 (7th Dist.). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

{¶3} In the application for reconsideration, Appellant reasserts claims originally presented in his appellate brief. For instance, Appellant contends we applied the ecclesiastical abstention doctrine in error because he is neither a clergyman nor a congregant, and the application of the doctrine abridges his First Amendment rights. However, we predicated the application of the doctrine on the evidence that Appellant offered in support of his claims, rather than his relationship to the Catholic Church. Insofar as Appellant alleged the University was acting in contravention of religious doctrine, we concluded the trial court did not have subject matter jurisdiction over his claims. Similarly,

Case No. 24 JE 0004

his First Amendment rights are not infringed because he chose to base his claims on Catholic dogma.

**{¶4}** Because Appellant has failed to identify an obvious error in our decision or an issue that was not at all or not fully considered, we find his application for reconsideration has no merit. Accordingly, the application for reconsideration is overruled.

**JUDGE KATELYN DICKEY**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 24 JE 0004