[Cite as *Menges v. Strunk*, 2025-Ohio-1301.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

RONALD A. MENGES ET AL.,

Plaintiffs-Appellees,

v.

SAMUEL L. STRUNK ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 BE 0018

---

Application for Reconsideration

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. Daniel P. Corcoran,* Theisen Brock, for Plaintiffs-Appellees and

*Atty. Kyle W. Bickford* and *Atty. Erik A. Schramm, Jr.,* Hanlon, McCormick, Schramm, Bickford & Schramm Co., LPA, for Intervenors-Plaintiffs-Appellees and

*Atty. Craig J. Wilson*, C.J. Wilson Law, LLC, for Defendants-Appellants.

Dated: April 8, 2025

**PER CURIAM.**

{¶1} On February 7, 2025, Intervenors-Plaintiffs-Appellees, Blain and Deborah West, Joseph and Karen Porter, Joseph W. Husk and Megan Husk, Melvin W. Husk and Charlotte Husk, Vernon Troyer, and Wayne and Betty Jean Troyer, Co-Trustees of the Troyer Family Trust, and Richard L. Pfeiffer and Carole A. Pfeiffer, Trustees of the Pfeiffer Family Trust, filed an application for reconsideration pursuant to App.R. 26(A)(1). The application calls into question our January 28, 2025 opinion and judgment entry in *Menges v. Strunk*, 2025-Ohio-252 (7th Dist.), in which we reversed the decision of the Belmont County Court of Common Pleas overruling a motion to vacate filed on behalf of Movants-Appellants, John Wayne Huddleston, Cynthia Huddleston, Linda Hanes, Hugh Hanes, Billy Payne, Richard Huddleston, David Jones, Grace Jones, James Jones, Denise Jones, Tammera Gray, and Kelly Gray. In the merits opinion, we vacated as void a portion of a previous judgment entry, in which the trial court concluded Appellants had abandoned their mineral rights in 270 acres of property then owned by Appellees, because Appellants were never served with the intervenors' complaints. Appellants filed their opposition brief to the application to reopen on February 12, 2025. Appellees filed a reply brief on February 18, 2025.

{¶2} App.R. 26 provides for the filing of an application for reconsideration, but includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *D.G. v. M.G.G.*, 2019-Ohio-1190, ¶ 2 (7th Dist.). The test generally applied is whether the application for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.*

{¶3} An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *Martin v. Taylor*, 2024-Ohio-3207, ¶ 1 (7th Dist.). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

{¶4} This appeal concerns the ownership of an oil and gas interest first severed from a 1,000-plus-acre property in 1953 by O.A. and Dora Jones ("Jones property").

Through a series of property transfers, the oil and gas interest was conveyed to the Jones' children, who subsequently conveyed the surface and half of the oil and gas rights in 1,128 acres to Seaway Coal in 1970. There is no dispute that Appellants are the heirs and assigns of the children of O.A. and Dora Jones, and purported owners of the one-half interest reserved in the Seaway Coal deed ("Jones interest").

**{¶5}** In August of 2013, Ronald Menges filed a complaint pursuant to the Dormant Mineral Act alleging abandonment of the Jones interest by Appellants in roughly ten acres of the Jones property then owned by Menges ("original complaint"). All parties agree that successful service by publication of the original complaint was made on Appellants.

**{¶6}** In October of 2013, Appellees filed motions to intervene in which they collectively asserted extinguishment of the Jones interest in an additional 270 acres of the Jones property. Appellees concede service of the intervenors' complaints was neither perfected nor even attempted on Appellants.

**{¶7}** Appellees relied instead on Civil Rule 5(A), which reads in relevant part, "[s]ervice is not required on parties in default for failure to appear except that pleadings asserting new or additional claims for relief or for additional damages against them shall be served upon them in the manner provided for service of summons in Civ. R. 4 through Civ. R. 4.6." Appellants reasoned their claims were identical to Menges' claim, that is, extinguishment of the Jones interest, despite the fact that the intervenors' complaints related to separate parcels, and included a claim for tortious interference with contract (not alleged in the original complaint) and additional damage claims totaling roughly twenty-three times the amount claimed by Menges.

**{¶8}** On December 30, 2013, Menges moved for judgment on the pleadings against the defaulting parties, which was granted by the trial court that same day, then subsequently amended to correct property descriptions ("2013 amended judgment entry"). Despite the fact that the motion was made solely by Menges, the trial court entered judgment in favor of Appellees as well, finding Appellants abandoned their oil and gas rights in the additional 270 acres identified in the intervenors' complaints.

**{¶9}** On July 12, 2023, roughly ten years later, Appellants filed a motion to vacate the 2013 amended judgment entry, except as it related to the Menges parcel. Appellants

asserted the 2013 amended judgment entry divesting them of their mineral rights was void as to Appellees' 270 acres, based on Appellees' failure to serve the intervenors' complaints.

{¶10} Appellants reasoned service was required because the intervenors' complaints asserted new claims and damages, and without service, the trial court never acquired jurisdiction over Appellants with respect to Appellees' claims. The trial court overruled the motion to vacate, finding the claims asserted by Menges and Appellees were the same and Civil Rule 5(A) excused the service requirement for the intervenors' complaints.

{¶11} On appeal, we reversed the judgment entry of the trial court on the motion to vacate, finding the 2013 amended judgment entry was void due to Appellees' failure to serve the intervenors' complaint on Appellants. We reasoned Appellees' claims were new and additional to Menges' claim because they related to different parcels, Appellees alleged a tortious interference with contract claim not found in the original complaint, and dramatically increased the demand for damages.

{¶12} In their merits brief, Appellants argued the trial court's failure to vacate the 2013 amended judgment was harmless error based on the law of the case doctrine. Appellants reasoned the trial court was obliged to apply the 1986 DMA upon remand, as it had to the original complaint, and the trial court would invariably conclude Appellants abandoned the mineral interest with respect to Appellees' property. We opined no civil action was ever commenced against Appellants by Appellees, the trial court never acquired jurisdiction over Appellants with respect to the intervenors' complaints, and as a consequence, the law of the case doctrine did not apply.

{¶13} In their application, Appellees argue we failed to apply the "law of the case" doctrine, and failed to remand this action with a clear mandate to reinstate the case and proceed from the point at which the error occurred. Appellees contend we "side-stepped" the law of the case doctrine.

{¶14} To the contrary, we observed:

> Fourth, Appellees contend any error resulting from their failure to serve the intervening complaints by publication is harmless based on the law of the case doctrine. Fifth, Appellees contend Appellants could have

appealed the [2013] amended judgment entry ten years ago. However, in the absence of proper service, Appellants were never parties to the lawsuit. Accordingly, the law of the case doctrine is inapplicable and Appellants did not have standing to appeal the merits of the case.

*Menges v. Strunk*, 2025-Ohio-252, ¶ 33 (7th Dist.).

**{¶15}** Appellees now argue Appellants were parties to the lawsuit by virtue of service of the Menges' complaint. They further argue Appellants had standing to appeal the trial court's decision with respect to the Menges parcel. However, the foregoing arguments ignore the Civil Rule 5(A) requirement that pleadings asserting new or additional claims for relief or for additional damages against defaulting parties must be properly served. In the absence of proper service, no civil action is commenced and the trial court is without jurisdiction to enter judgment.

**{¶16}** Next, Appellees argue we should have remanded this matter to the trial court for further proceedings. Appellees cite two cases from our district wherein we vacated a default judgment entry then remanded the matter to the trial court. However, in both of those cases, service was perfected on the defendants. *See Fifth Third Bank v. Perry*, 2004-Ohio-1543 (7th Dist.), *Deutsche Bank v. Terdina*, 2012-Ohio-5940 (7th Dist.) (vacating default judgment based on excusable neglect). Service was never perfected as to the intervenors' complaints, therefore there are no claims to remand.

**{¶17}** For the foregoing reasons, Appellees' application is overruled.

**JUDGE KATELYN DICKEY**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

<u>Case No. 24 BE 0018</u>