[Cite as *Menges v. Strunk*, 2025-Ohio-2766.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

RONALD A. MENGES ET AL.,

Plaintiffs-Appellees,

v.

SAMUEL L. STRUNK ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 BE 0018

---

Motion to Certify Conflict

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. Daniel P. Corcoran,* Theisen Brock, for Plaintiffs-Appellees and

*Atty. Kyle W. Bickford* and *Atty. Erik A. Schramm, Jr.,* Hanlon, McCormick, Schramm, Bickford & Schramm Co., LPA, for Intervenors-Plaintiffs-Appellees and

*Atty. Craig J. Wilson*, C.J. Wilson Law, LLC, for Defendants-Appellants.

Dated: August 6, 2025

**PER CURIAM.**

{¶1}    This matter is before us on a motion to certify conflict filed by Appellees, Blain and Deborah West, Joseph and Karen Porter, Joseph W. Husk and Megan Husk, Melvin W. Husk and Charlotte Husk, Vernon Troyer, and Wayne and Betty Jean Troyer, Co-Trustees of the Troyer Family Trust, and Richard L. Pfeiffer and Carole A. Pfeiffer, Trustees of the Pfeiffer Family Trust on April 18, 2025.  Appellees contend our decision overruling Appellees' application for reconsideration in *Menges v. Strunk*, 2025-Ohio-1301 (7th Dist.), is at odds with the Eighth District's decision in *State ex rel. Consortium For Economic & Community Dev. For Hough Ward 7 v. McMonagle,* 2016-Ohio-4704 (8th Dist.).  Appellants, John Wayne Huddleston, Cynthia Huddleston, Linda Hanes, Hugh Hanes, Billy Payne, Richard Huddleston, David Jones, Grace Jones, James Jones, Denise Jones, Tammera Gray, and Kelly Gray filed their brief in opposition on April 24, 2025.  Appellees filed their reply on April 30, 2025.  For the following reasons, Appellees' motion to certify conflict is overruled.

{¶2}    Article IV, Section 3(B)(4), of the Ohio Constitution, captioned "Organization and jurisdiction of courts of appeals," reads:

> Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.

{¶3}    App.R. 25, captioned "Motion to certify a conflict," states in part:

> (A) A motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order of the court that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App. R. 30(A). . . . A motion under this rule shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed.

**{¶4}** To certify a conflict to the Ohio Supreme Court, three conditions must be satisfied. *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596 (1993). First, we must find our judgment conflicts with the judgment issued by another appellate district on the same legal question. *Id.* The issue proposed for certification must be dispositive of the case. *State ex rel. Davet v. Sutula*, 2012-Ohio-759, ¶ 2. Second, the conflict must be on a rule of law, not facts. "Factual distinctions between cases do not serve as a basis for conflict certification." *Whitelock* at 599. Third, our judgment or opinion must clearly set forth the rule of law that conflicts with the judgment on the same question issued by another appellate district. *Id.* at 596.

**{¶5}** We provided the following summary of the merits decision in our opinion and judgment entry overruling Appellees' application for reconsideration:

> This appeal concerns the ownership of an oil and gas interest first severed from a 1,000-plus-acre property in 1953 by O.A. and Dora Jones ("Jones property"). Through a series of property transfers, the oil and gas interest was conveyed to the Jones' children, who subsequently conveyed the surface and half of the oil and gas rights in 1,128 acres to Seaway Coal in 1970. There is no dispute that Appellants are the heirs and assigns of the children of O.A. and Dora Jones, and purported owners of the one-half interest reserved in the Seaway Coal deed ("Jones interest").

> In August of 2013, Ronald Menges filed a complaint pursuant to the Dormant Mineral Act alleging abandonment of the Jones interest by Appellants in roughly ten acres of the Jones property then owned by Menges ("original complaint"). All parties agree that successful service by publication of the original complaint was made on Appellants.

> In October of 2013, Appellees filed motions to intervene in which they collectively asserted extinguishment of the Jones interest in an additional 270 acres of the Jones property. Appellees concede service of the intervenors' complaints was neither perfected nor even attempted on Appellants.

Appellees relied instead on Civil Rule 5(A), which reads in relevant part, "[s]ervice is not required on parties in default for failure to appear except that pleadings asserting new or additional claims for relief or for additional damages against them shall be served upon them in the manner provided for service of summons in Civ. R. 4 through Civ. R. 4.6." Appellants reasoned their claims were identical to Menges' claim, that is, extinguishment of the Jones interest, despite the fact that the intervenors' complaints related to separate parcels, and included a claim for tortious interference with contract (not alleged in the original complaint) and additional damage claims totaling roughly twenty-three times the amount claimed by Menges.

On December 30, 2013, Menges moved for judgment on the pleadings against the defaulting parties, which was granted by the trial court that same day, then subsequently amended to correct property descriptions ("2013 amended judgment entry"). Despite the fact that the motion was made solely by Menges, the trial court entered judgment in favor of Appellees as well, finding Appellants abandoned their oil and gas rights in the additional 270 acres identified in the intervenors' complaints.

On July 12, 2023, roughly ten years later, Appellants filed a motion to vacate the 2013 amended judgment entry, except as it related to the Menges parcel. Appellants asserted the 2013 amended judgment entry divesting them of their mineral rights was void as to Appellees' 270 acres, based on Appellees' failure to serve the intervenors' complaints.

Appellants reasoned service was required because the intervenors' complaints asserted new claims and damages, and without service, the trial court never acquired jurisdiction over Appellants with respect to Appellees' claims. The trial court overruled the motion to vacate, finding the claims asserted by Menges and Appellees were the same and Civil Rule 5(A) excused the service requirement for the intervenors' complaints.

On appeal, we reversed the judgment entry of the trial court on the motion to vacate, finding the 2013 amended judgment entry was void due to Appellees' failure to serve the intervenors' complaint on Appellants. We reasoned Appellees' claims were new and additional to Menges' claim because they related to different parcels, Appellees alleged a tortious interference with contract claim not found in the original complaint, and dramatically increased the demand for damages.

In their merits brief, Appellants argued the trial court's failure to vacate the 2013 amended judgment was harmless error based on the law of the case doctrine. Appellants reasoned the trial court was obliged to apply the 1986 DMA upon remand, as it had to the original complaint, and the trial court would invariably conclude Appellants abandoned the mineral interest with respect to Appellees' property. *We opined no civil action was ever commenced against Appellants by Appellees,* the trial court never acquired jurisdiction over Appellants with respect to the intervenors' complaints, and as a consequence, the law of the case doctrine did not apply.

(Emphasis added) *Menges v. Strunk*, 2025-Ohio-1301, ¶ 4-12 (7th Dist.).

{¶6} In a footnote, Appellees argue their motion to certify conflict is timely as it challenges the italicized portion of the foregoing summary of our merits decision, which they contend was announced for the first time in our opinion and judgment entry overruling their application for reconsideration. However, Appellees cited *McMonagle,* 2016-Ohio-4604 (8th Dist.), for the first time in their reply brief to their application for reconsideration. Therefore, Appellees were aware of the alleged conflict when our merits decision was issued and the motion to certify conflict is untimely.

{¶7} Even assuming the motion was timely filed, the Eighth District case is not "upon the same question" and is factually distinct from our case. A brief summary of the facts and law in *McMonagle* informs our decision.

{¶8} In *McMonagle,* Consortium owned a parcel of real property in Cuyahoga County. The parcel was adjacent to property owned by the Oak Leadership Institute.

{¶9}    On August 30, 2013, Oak Leadership filed an action in Cuyahoga County Common Pleas Court to quiet title to the Consortium parcel. Judge McMonagle was assigned to preside over the quiet-title action.  On December 12, 2013, a tax-foreclosure suit relating to the Consortium parcel was filed in Cuyahoga County Common Pleas Court.

{¶10} Although the quiet-title action was filed first, Consortium sought a writ of prohibition against Judge McMonagle under the theory that the foreclosure lawsuit had jurisdictional priority.  Consortium predicated its argument on the fact that the plaintiff in the foreclosure action was first to perfect service of process over *all* the interested parties.

{¶11} The Eighth District granted summary judgment in favor of Judge McMonagle. The Court held the jurisdictional-priority rule does not apply to cases filed in the same division of the same court.  *McMonagle*, 2016-Ohio-4704, ¶ 18.

{¶12}  Because the Ohio Supreme Court had made no pronouncement regarding the applicability of the jurisdictional-priority rule in cases filed in the same division of the same court, the Eighth District opined in the alternative:

> Civ.R. 3(A) provides in pertinent part as follows: "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant . . . ." The use of the article ["]a["] indicates a case is commenced upon service of just one defendant out of all of the defendants. This contradicts the position that a case is not commenced until all of the defendants have been served. Furthermore, the rule provides clarity for purposes of the jurisdictional priority rule in establishing clear, recognized events to determine when the rule would apply, as compared to an uncertain and arguably changing result as new parties are discovered.

*McMonagle* at ¶ 20.

{¶13} The Ohio Supreme Court affirmed the decision of the Eighth District on Consortium's first proposition of law, finding the jurisdictional-priority rule does not apply to cases filed in the same division of the same court. As a consequence, the Ohio

Case No. 24 BE 0018

Supreme Court declined to consider Consortium's second proposition of law, that a lawsuit is not "commenced" for the purposes of the jurisdictional-priority rule until all necessary parties are served. *State ex rel. Consortium For Economic & Community Dev. for Hough Ward 7 v. Russo*, 2017-Ohio-8133.

{¶14} A review of the facts and holdings here and in *McMonagle* demonstrates they are not decided "upon the same question" and are factually distinct. The holding in *McMonagle* is the jurisdictional-priority rule does not apply to cases filed in the same division of the same court. Accordingly, the holding in *McMonagle* is both legally and factually distinct from our holding here.

{¶15} Further, the Eighth District's alternative finding in *McMonagle* has no precedential value. The Ohio Supreme Court has opined the issue proposed for certification must be dispositive of the case. *Sutula*, 2012-Ohio-759, ¶ 2.

{¶16} Finally, the alternative finding in *McMonagle* does not conflict with our conclusion that no case against Appellants was commenced with respect to the intervenors' complaints. The most expansive reading of the dicta in *McMonagle* does not support Appellees' conclusion that it directly conflicts with our application of Civil Rule 5(A) in this appeal.

{¶17} For the foregoing reasons, Appellees' motion to certify conflict is overruled.

**JUDGE KATELYN DICKEY**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

<u>Case No. 24 BE 0018</u>