CARR ET AL., APPELLEES, v. CHARTER NATIONAL LIFE INSURANCE COMPANY, APPELLANT, ET AL.

[Cite as Carr v. Charter Natl. Life Ins. Co. (1986), 22 Ohio St. 3d 11.]

(No. 85-451—Decided January 29, 1986.)

*Space, O'Meara & McLane* and *Douglas J. O'Meara,* for appellees.

*Syler, Redinger, Wright & Traver* and *Dennis D. Traver,* for appellant.

WRIGHT, J.   We do not find adequate evidence in the record to excuse Charter's repeated failures to cooperate with discovery proceedings. We also find inadequate evidence, however, to support an award of damages of $200,000 and an award of attorney fees. Therefore, while we do not hold that the default judgment should have been vacated, we do hold that the awards of damages and attorney fees were an abuse of discretion.

The record reveals that plaintiffs simply did not present sufficient evidence to justify an award of $200,000 in compensatory damages, particularly where the amount allegedly due on the contract was only $9,178.01. Mrs. Carr testified that she and her family had suffered emotional upset resulting from the defendants' conduct. However, no medical evidence of any kind was offered to support this testimony. Nor did plaintiffs introduce any evidence of alternative living expenses Mrs. Carr may have incurred as a result of the repossession. Mrs. Carr alleged that her credit rating had been affected by the incident, but she only "assumed" that she had been turned into the credit bureau. No evidence of any credit denials was offered.

Instead of presenting evidence relating to compensatory damages, plaintiffs offered evidence of Charter's financial condition, presumably to support an award of punitive damages. Evidence was introduced at the default hearing that Charter had "Twenty-Six Million in reserves" and had "made Five Million in the year previous to March 1984." Counsel requested that the court award judgment "in the amount asked for and an amount the company can afford to pay." The trial judge did not characterize the award as punitive. Nevertheless, given the total lack of competent, credible evidence to support such a large amount of compensatory damages, the award constitutes a punitive measure that is inappropriate under the facts shown here.

Punitive damages are not recoverable against an insured for refusal to pay a valid claim unless the refusal is both unjustified and in bad faith. *Hoskins* v. *Aetna Life Ins. Co.* (1983), 6 Ohio St. 3d 272, 277. In such cases, the insured must establish that the company was guilty of oppression, fraud or malice. *Id.* at 278. Plaintiffs presented no evidence to indicate that Charter was guilty of oppression, fraud or malice.

In addition to the $200,000 in damages awarded, the court also awarded attorney fees of $4,002. Attorney fees are recoverable only when an award of punitive damages is proper. See *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178 [71 O.O.2d 174]. Because the evidence did not support an award of punitive damages, the award of attorney fees must be set aside.

The trial court correctly held a Civ. R. 55(A) hearing to determine the proper amount of damages to be awarded. The evidence presented did not, however, justify a $200,000 award of compensatory damages; nor did the evidence support an award of punitive damages or attorney fees. Civ. R. 60(B) provides for relief from "a final judgment, order or proceeding." When the evidence presented at a default judgment hearing is insufficient to support the damages awarded, the trial court abuses its discretion when it denies a Civ. R. 60(B) motion to the extent that the motion challenges the amount of the award.

We reverse the judgment of the court of appeals and remand this cause to the trial court for a hearing on the issue of damages.

*Judgment reversed*
*and cause remanded.*

SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

CELEBREZZE, C.J., concurs in judgment only.