David R. Mahan, defendant, appeals the trial court's denial of his motion for relief from judgment. Having found no error in the decision of the trial court, we affirm the trial court's judgment.
 I.
This action has its basis in a divorce action that was brought by David's now former wife, Anna Mae Mahan. The trial court granted Anna Mae a divorce on July 30, 1996. In the divorce decree, Anna Mae was awarded their home which was worth around sixty-five thousand dollars, her own social security and retirement benefits, her own automobile which was worth around twelve thousand dollars, and the parties' savings account which contained around two thousand dollars. Anna Mae also was awarded the contents of the home, that is, except for David's personal property, and she was held responsible for the outstanding eight thousand dollar mortgage on the home. Furthermore, Anna Mae was to remain the beneficiary of David's survivorship benefits to his retirement plan and to his life insurance policy.
On the contrary, David received a John Deere riding mower worth around two thousand dollars, a Bayliner motor boat worth approximately seven thousand dollars, and approximately ten thousand dollars worth of Ham radio equipment from the property division. David was also awarded his own automobile which was worth around three thousand dollars. Furthermore, David was not required to pay spousal support because Anna Mae voluntarily relinquished her right to support even though she earns only twenty-four thousand dollars a year in gross income whereas David receives over forty-four thousand dollars a year in social security and pension income.
When the parties appeared for their divorce trial on July 18, 1997, David's counsel advised the court that David had requested that he withdraw as his counsel. The court granted his counsel's motion to withdraw. David then acted as his own counsel during the divorce trial. After the divorce trial, the trial court rendered the above-mentioned property distribution.
On April 7, 1997, David, represented by counsel, moved the trial court for relief from judgment. David's counsel argued that David was entitled to relief from judgment because, he alleged, that David is illiterate, that the property distribution was inequitable, and that Anna Mae failed to disclose several marital assets to David. David's counsel, however, failed to assert operative facts in support of his claim that David is illiterate, failed to articulate why the property distribution was inequitable, and failed to articulate which marital assets were not disclosed. As a consequence, the trial court denied David's motion. David now brings this timely appeal from that decision.
 II.
In his sole assignment of error, David argues that:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT OVERRULED APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
David argues that the trial court abused its discretion in overruling his motion because he is illiterate, because the trial court's property distribution was inequitable, and because Anna Mae fraudulently failed to disclose all of the parties' marital property to him.
A trial court's decision on a Civil Rule 60(B) motion for relief from judgment may not be overturned on appeal unless the appellant demonstrates that the trial court abused its discretion.Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. In order to prevail on a Civil Rule 60(B) motion, the movant must demonstrate that: 1) the party has a meritorious claim or defense to present if relief is granted; 2) the party is entitled to relief under on of the grounds set forth in Civ.R. 60(B)(1) through (5); and 3) the motion for relief is made within a reasonable time, and where the grounds for relief fall under Civ.R. 60(B)(1),(2), or (3), the motion is made not more than one year after the judgment, order, or proceeding was entered or taken. GTE Automatic Electric v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146. Because these requirements are independent of each other and are written in the conjunctive, this test is not fulfilled unless all of these requirements are met. Id. at 151.
In order to be entitled to a hearing on a Civ.R. 60(B) motion for relief from judgment, the movant must set forth allegations of "operative facts" warranting relief from judgment. Mere general allegations are insufficient to warrant a hearing on a motion. With this in mind, we find that none of David's counsel's allegations are sufficient to constitute "operative facts." David's counsel first claims that the trial court erred in not granting him an evidentiary hearing on his motion for relief from judgment because David is illiterate. David does not allege that the trial court was unaware of his illiteracy or that the outcome of the proceedings would have been any different if he were literate. Thus, we can only agree with the trial court that his counsel did not set forth sufficient operative facts to require an evidentiary hearing on that issue.
Next, his counsel argues that the trial court erred in not granting him an evidentiary hearing because the property distribution was inequitable. As support for his claim that the property distribution was inequitable, David's counsel merely alleges that the property distribution was unequal. Initially, we point out that this is not a proper basis for a 60(B) motion. Whether the trial court's property distribution is inequitable is properly heard on a direct appeal from the trial court's decision and not in a Civ.R. 60(B) motion. A Civ.R. 60(B) motion is only an appropriate remedy when, for example, there is newly discovered evidence or the trial court's judgment was procured through the fraud of the other party. Because the bases for Civ.R. 60(B) relief are different from the bases for an appeal, a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. Doev. Trumbell Cty. Servs. Bd. (1986), 28 Ohio St.3d 128, 28 OBR 9,488 N.E.2d 199. Thus, we find that this basis for relief is inappropriate in a Civ.R. 60(B) motion.
Even if property distribution were a proper basis for Civ.R. 60(B) relief, however, we would still find that David's counsel has failed to allege sufficient operative facts to require an evidentiary hearing on this matter. Merely alleging that a property distribution is unequal is insufficient to mandate a hearing on whether a property distribution is inequitable. A court of common pleas has broad discretion in determining what division of property is equitable in a divorce proceeding. Cherryv. Cherry (1981), 66 Ohio St.2d 348, 20 O.O.3d 318,421 N.E.2d 1293. The mere fact that a property division is unequal, alone, does not amount to an abuse of discretion. Id. Indeed, a property distribution may be equitable even if it is unequal. Hence, to mandate a hearing on this matter, David's counsel would have had to allege some facts demonstrating that an unequal distribution was inequitable. Because his counsel failed to do this, we can only find that his counsel failed to set forth sufficient operative facts to mandate a hearing on this matter. Moreover, the record here demonstrates that the property division was, if anything, more beneficial to David than to his former wife.
Finally, his counsel alleges that the trial court abused its discretion in not granting a hearing on his motion because David's wife fraudulently failed to disclose all of their property. While fraud may be a basis for Civ.R. 60(B) relief, David's counsel fails to specify what assets were not disclosed. In view of his failure to articulate specific facts to support his general allegation, we cannot find that the trial court abused its discretion in failing to hold an evidentiary hearing on this matter. Based upon the foregoing, the assignment of error is overruled, and the judgment of the trial court is affirmed.
WOLFF, J. and GRADY, J., concur.
Copies mailed to:
James P. Rion
John H. Rion
Hon. V. Michael Brigner