OPINION
{¶ 1} Plaintiffs Donald and Pam Wiseman appeal a judgment of the Court of Common Pleas of Licking County, Ohio, which granted defendant John W. Miller's motion for relief from judgment, and vacated the judgment previously granted. From the record it appears Miller's co-defendant, Fat Boys Custom Auto Restoration, Inc, is not a party to this appeal. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE COURT SUB-JUDICE ABUSED ITS DISCRETION IN GRANTING RELIEF FROM DEFAULT JUDGMENT UNDER CIV. R. 60(B), WHERE DEFENDANT'S MOTION AND MEMORANDUM FOR RELIEF AVERS WITHOUT AFFIDAVIT ONLY THAT DEFENDANT'S WIFE DID NOT TELL HIM WHAT DAY SHE SIGNED FOR THE COMPLAINT SUMMONS; WHERE DEFENDANT'S COUNSEL HAD THE COMPLAINT TWENTY-THREE CALENDAR DAYS PRIOR TO THE ANSWER DUE DATE AND TWENTY-SIX DAYS BEFORE A MOTION FOR DEFAULT WAS FILED; WHERE DEFENDANT'S TIME LINE OF EVENTS IS QUESTIONABLE, AND WHERE NEITHER DEFENDANT NOR DEFENDANT'S COUNSEL AVERS ATTEMPTING TO DETERMINE THE DATE BY WHICH THE ANSWER SHOULD BE MADE."
 {¶ 3} Appellants filed their complaint against appellee and Fat Boys Custom Auto on February 25, 2002. The complaint alleged Fat Boys is an Ohio corporation operated by appellee Miller. The complaint alleges Miller was the sole contact person who conducted all the details with appellants. Fat Boys was in the business of customizing and restoring motor vehicles, such as show cars and hot rods.
 {¶ 4} Appellants' complaint alleges appellants took their 1939 Ford to the Fat Boys for restoration. Fat Boys gave an estimate of $20,584.00 and appellants tendered a partial payment of $12,642.35. Appellants allege they were able to drive the 1939 Ford to the Fat Boys premises under its own power, and the work to be done by Fat Boys included correcting certain minor flaws, making changes, and replacing a Chevy motor and bed with Ford parts. Appellants allege the vehicle was a show vehicle, and had been shown prior to delivery to Fat Boys.
 {¶ 5} The parties later negotiated certain other services and charges, and some of the work was completed on the Ford.
 {¶ 6} Before the work had been completed, Fat Boys contacted appellants and notified them the business had ceased operations, and advised appellants to retrieve the truck from the Fat Boys' premises before the owner of the premises re-took possession. Appellants were unable to recover their Ford immediately, and incurred legal and other expenses to retrieve their property. When recovered, appellants' 1939 Ford was disassembled, and appellants alleged in their complaint certain parts were missing.
 {¶ 7} Appellants alleged their 1939 Ford had a value of $4500 when they recovered it from the former Fat Boys premises. Appellants alleged the value of the vehicle when delivered to Fat Boys, plus the parts appellants purchased and delivered to Fat Boys, was at a minimum of $7,200 which represents the purchase price appellants had originally paid. Appellants further alleged had Fat Boys completed their contract, the Ford would have been worth more than $37,000. Appellants prayed for $32,500, the difference in value between the actual value of the Ford and it's value if the contract had been completed. Appellants also prayed for return of the $12,642.35 paid over on account to Fat Boys, minus a credit for work done of $720. Appellants also prayed for various special damages and punitive damages.
 {¶ 8} Appellants' complaint named both Fat Boys Custom Auto 
Restoration, Inc., and John W. Miller personally. Neither Fat Boys nor appellee Miller filed a timely answer, and the trial court granted default judgment in favor of appellants in the amount of $32,500 compensatory damages, $3,348.75 special damages, plus $97,500 punitive damages representing a total of $133,348.75, together with interest on the compensatory and special damages of $35,848.75 computed from June 25, 2001, and interest on the punitive damages from the date of judgment, April 2, 2002, all at ten per cent per annum.
 {¶ 9} Appellee Miller filed his motion for relief from judgment 21 days after his answer was due, on April 18, 2002. Appellee Miller argued the complaint contained no language which would legally pierce the corporate veil, and transfer Fat Boys' liability to Miller personally. We agree with appellee the contract alleges facts indicating only an agency relationship between Fat Boys and Miller. The trial court found the motion for relief from judgment was well-taken, and relieved only John Miller, not Fat Boys, from the judgment. The court also set a date for appellee to file his answer and counterclaim.
 {¶ 10} Appellants argue the trial court erred in sustaining the motion for relief from judgment, and ordering the matter returned to the active docket for resolution on the merits. We disagree.
 {¶ 11} A motion for relief from judgment brought pursuant to Civ.R. 60(B) is directed towards the sound discretion of the trial court, Griffey v. Rajan (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find an abuse of discretion, this court must determine the trial court's decision is unreasonable, arbitrary, or unconscionable, not merely an error of law or judgment, see Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 12} In GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, the Ohio Supreme Court directed that where timely relief is sought from default judgment, and the movant demonstrates a meritorious defense, any doubt must be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits.
 {¶ 13} What makes this case even more troubling than the potential lack of allegations in the complaint to pierce the corporate veil, is the size and determination of the damages. Civ.R. 55(A) provides that if, in order to enable the court to enter judgment or carry it into effect, it is necessary for the court to determine the amount of damages, the court may conduct a hearing to review the evidence. The official notes to the Rule provide if the action is for a sum certain, the court may enter the default judgment for that amount, but if the action involves an unliquidated sum, the court should conduct a hearing. In Carr v. CharterNational Life Insurance Company (1986), 22 Ohio St.3d 11, 488 N.E.2d 199, the Ohio Supreme Court reviewed a judgment of this court affirming a default judgment. The Supreme Court found the evidence presented in a default judgment hearing, must support the damages awarded, particularly punitive damages.
 {¶ 14} We find the trial court did not abuse its broad discretion in granting relief from judgment under these facts and circumstances.
 {¶ 15} The assignment of error is overruled.
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, P.J., Edwards, J., and Boggins, J., concur
Topic: default judgment — damages