[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} This is an appeal by plaintiff from a judgment of the Franklin County Court of Common Pleas granting defendant's Civ.R. 60(B) motion for relief from judgment and vacating a default judgment previously entered in favor of plaintiff.
 {¶ 2} On November 30, 2001, plaintiff, Capital-Plus, Inc., filed a complaint against defendant, Consolidated Ambulance Service Corporation, seeking judgment in the amount of $96,785.02 for defendant's alleged failure to answer a wage garnishment order. Plaintiff's complaint alleged that on September 21, 2001, the trial court issued an order to defendant to attach the wages of defendant's employee, James E. Teague, but defendant failed to file an answer to the wage garnishment order as required by R.C. 2715.29.
 {¶ 3} On January 22, 2002, plaintiff filed a motion for default judgment against defendant. By entry filed on that same date, the court entered default judgment against defendant in the amount of $96,785.02.
 {¶ 4} On March 1, 2002, defendant filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(5), as well as a motion for a stay of execution of judgment. Plaintiff subsequently filed a memorandum in opposition to defendant's motion.
 {¶ 5} By decision filed May 23, 2002, the trial court granted defendant's motion for relief from judgment and vacated the default judgment previously entered in favor of plaintiff. The court also granted defendant's motion for stay of execution. The decision of the trial court was journalized by judgment entry filed on July 1, 2002.
 {¶ 6} On appeal, plaintiff sets forth the following assignment of error for this court's review:
 {¶ 7} "The Court of Common Pleas erred to the prejudice of the plaintiff-appellant in that its order granting defendant-appellee relief from default judgment constitutes an abuse of discretion."
 {¶ 8} Under its single assignment of error, plaintiff argues the trial court erred in setting aside the default judgment where, it is asserted, defendant ignored service of process and failed to answer the complaint, offering no explanation for its inaction. Plaintiff contends that Civ.R. 60(B)(5) cannot be invoked as a basis for relief under such circumstances. Plaintiff further argues that defendant's only justification for relief was that it allegedly had a meritorious defense, and that the court erroneously held such justification was all defendant needed in order to prevail on its motion.
 {¶ 9} In response, defendant maintains that the basis of its Civ.R. 60(B) motion before the trial court was simply that plaintiff presented a default judgment entry to the trial court that granted judgment clearly in excess of the relief permitted by law. Defendant relies upon the language of R.C. 2716.21(D), which states in part: "A garnishee is liable to the judgment creditor for * * * all personal earnings due from the garnishee to the judgment debtor * * * at the time the garnishee is served with the order * * *." Defendant contends the statute allows judgment for the amount the employer owes its employee, rather than the amount the employee owes the judgment creditor, and that the default judgment entered for $96,785.02 was clearly in excess of any amount permitted by statute.
 {¶ 10} Civ.R. 60(B) states in relevant part:
 {¶ 11} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 12} Under Ohio law, "[a] successful Civ.R. 60(B) motion has three components, i.e., (1) timeliness, (2) grounds under Civ.R. 60(B), and (3) a meritorious defense or claim." Weaver v. Colwell Financial Corp. (1992), 73 Ohio App.3d 139, 143, citing GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146. Further, it is within the discretion of the court whether to grant a Civ.R. 60(B) motion and, in the absence of a clear showing of abuse of discretion, the decision of the trial court will not be disturbed on appeal. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 103.
 {¶ 13} Plaintiff contends on appeal that, although defendant's motion for relief from judgment cited Civ.R. 60(B)(5), defendant is actually attempting to utilize Civ.R. 60(B)(1) as grounds for relief. In this regard, we note that it is not entirely clear from the trial court's decision as to which of the grounds under Civ.R. 60(B) the court relied upon in vacating the default judgment. While defendant sought relief under Civ.R. 60(B)(5), the only ground discussed in the trial court's decision is Civ.R. 60(B)(1) and specifically the concept of excusable neglect; however, the court merely concludes, in general terms, that "defendant has demonstrated grounds for relief from judgment under Civ.R. 60(B)."
 {¶ 14} A review of the record before this court supports plaintiff's contention that defendant's motion for relief from judgment contained no operative facts suggesting a reason for failing to timely appear. Assuming the trial court relied upon Civ.R. 60(B)(1) as the ground for vacating the default judgment, the motion did not set forth facts giving rise to relief under that provision. Further, as argued by plaintiff, Civ.R. 60(B)(5), the "catch-all" provision, cannot be used as a substitute for one of the other more specific grounds of Civ.R. 60(B). See Nicol v. Cecutti (May 12, 1988), Franklin App. No. 87AP-1192. Accordingly, based upon the record, we conclude the trial court abused its discretion in vacating the entry of default judgment as to liability.
 {¶ 15} However, while defendant has not demonstrated grounds for failing to appear or answer plaintiff's complaint, we deem it significant that defendant's Civ.R. 60(B)(5) motion contests the amount awarded by the trial court in granting default judgment. In Carr v. Charter Natl. Life Ins. Co. (1986), 22 Ohio St.3d 11, 13, the Ohio Supreme Court held that "[w]hen the evidence presented at a default judgment hearing is insufficient to support the damages awarded, the trial court abuses its discretion when it denies a Civ.R. 60(B) motion to the extent that the motion challenges the amount of the award."
 {¶ 16} Other courts, including this court, have applied Carr to hold that, where the amount awarded by the trial court in a default judgment is not supported by either an evidentiary hearing or evidence in the record, the trial court abuses its discretion in denying relief from the damages portion of the default judgment. See, e.g., Nicol, supra ("defendant's motion for relief from judgment pursuant to Civ.R. 60(B)(5) is sufficient in that it contests the amount, rather than the entry, of the default judgment"; while the judgment granting plaintiff's motion for default judgment indicates that a non-oral hearing was held before the trial court, there is no evidence which would support an award of $114,418); Stanger v. Hughes (Mar. 31, 1994), Franklin App. No. 93APG09-1287 (although defendant failed to set forth evidence that he was entitled to relief from judgment under Civ.R. 60(B)(1) through (5), because determination of damages was not ascertainable without evidence on a default judgment, the trial court should have granted relief from judgment regarding the amount of damages).
 {¶ 17} Pursuant to Civ.R. 55(A), a trial court is to ascertain what damages are appropriate. Castle Hill Holdings v. Midland Food Services (Sept. 27, 2001), Tuscarawas App. No. 2001AP010003. Civ.R. 55(A) states in part:
 {¶ 18} "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
 {¶ 19} In the present case, the record reflects no hearing or receipt of evidence on the issue of damages prior to the default, nor does the record contain evidence to support an award of $96,785. While plaintiff alleged that a judgment had been rendered against the judgment debtor, Teague, in the above amount, there is no evidence as to the amount of personal earnings "due from the garnishee to the judgment debtor at the time the garnishee [was] served with the order * * *." R.C. 2716.21(D). Stated otherwise, while the amount owed by the judgment debtor may involve a liquidated sum, there was no evidence before the court as to the garnishee's obligation. Accordingly, while we find that the trial court abused its discretion in granting defendant relief from the entry of judgment by default, we further conclude, based on the principles of Carr, supra, that this matter should be remanded to the trial court for a hearing on the issue of damages.
 {¶ 20} Based upon the foregoing, plaintiff's assignment of error is sustained in part and overruled in part, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and case remanded.
KLATT, J., and PETREE, P.J., concur.