OPINION
{¶ 1} Appellants Laraine Porter and Todd Oney appeal a judgment of the Court of Common Pleas of Stark County, Ohio, which overruled each party's motion for relief from judgment made pursuant to Civ.R. 60. These appeals are consolidated for purposes of this memorandum opinion only.
 {¶ 2} Appellants assign two errors to the trial court:
 {¶ 3} "The trial court erred in its refusal to vacate the judgment when the default judgment was rendered on a complaint for unliquidated damages, without hearing, and in an amount which constituted a double recovery on its face."
 {¶ 4} "The court abused its discretion in failing to grant defendants' motions to vacate judgment pursuant to civil rule 60(B)."
 {¶ 5} The record indicates this matter began upon appellees' complaint sounding in breach of contract, money owed, fraud, misrepresentation, negligence, unjust enrichment, and violation of Ohio Consumer's Sales Practices Act. The original defendants were both appellants, as well as Areawide Real Estate, Inc., Areawide Homebuyers, A.S. Stevenson, 2921 Frazer Land Trust, and John Doe. All the causes of action arose out of a real estate transaction regarding property located at 3921 Frazer N.W., in Canton, Stark County, Ohio.
 {¶ 6} The trial court found appellants in default, and granted a default judgment pursuant to Civ.R. 55(A). Appellees' motion for default judgment did not request damages, and did not include an affidavit indicating what appellees considered to be their damages.
 {¶ 7} The trial court conducted no hearing on the issue of damages, but awarded compensatory damages in the amount of $63,347.84, and punitive damages of $190,043.52.
 {¶ 8} The trial court dismissed all claims asserted by appellees against all defendants with prejudice, and all claims, cross-claims, and counterclaims asserted by any of defendants also were dismissed with prejudice. This judgment is internally inconsistent, because it grants the claims for relief and also dismisses them with prejudice.
 I II {¶ 9} Civ.R. 55 states in pertinent part:
 {¶ 10} CIV R 55 DEFAULT
 {¶ 11} (A) Entry of judgment
 {¶ 12} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
 {¶ 13} The rule makes it discretionary with the trial court to decide if a hearing is necessary, see Buckeye Supply Company vs.Northeast Drilling Company (1985), 24 Ohio App.3d 134, 493 N.E.2d 964. Proof of damages is not necessary to support a liquidated damages claim based upon an account, Farmers Merchants State Savings Bankv. Raymond G. Bar Enterprises, Inc. (1982), 6 Ohio App.3d 43,452 N.E.2d 521. However, proof of damages is required for unliquidated damage claims, such as those based upon negligence allegations, BuckeyeSupply Company at 136, citations deleted.
 {¶ 14} To prevail on a motion for relief from final judgment, the movant must demonstrate he has a meritorious defense or claim to present if the court grants relief; that he is entitled to relief under one of the grounds stated in the five subsections of Civ.R. 60(B), and must show the motion is made within a reasonable time, GTE Automatic Electric,Inc. v. ARC Industries, Inc.(1976), 47 Ohio St.2d 146, 351 N.E.2d 113. If the evidence presented at the damages hearing is insufficient to warrant the award, the trial court abuses its discretion in denying a motion made pursuant to Civ.R. 60(B), to the extent the motion challenges the amount of the award, Carr v. Charter National Life Insurance Company (1986),22 Ohio St.3d 11, 488 N.E.2d 199, syllabus by the court.
 {¶ 15} We find the trial court should have conducted a hearing on the issue of damages. Accordingly, we find the court erred in not sustaining the motion to vacate the judgment to the extent it challenged the damages, see Carr, supra. In Carr, the Supreme Court ordered the judgment be set aside even though it found the movant had not presented sufficient evidence in support of its grounds for relief, which was excusable neglect. The Carr court found failure to prove damages warranted reversal.
 {¶ 16} Both assignments of error are sustained.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Farmer, J., and Boggins, J., concur.