[Cite as *Bishop v. Bishop*, 2025-Ohio-289.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

JAMES K. BISHOP,

Plaintiff-Appellant,

v.

TONYA L. BISHOP,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 CO 0030**

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 23 CV 570

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed and Remanded.

---

James K. Bishop, Plaintiff-Appellant and

*Atty. Peter Horvath,* for Defendant-Appellee*.*

Dated: January 29, 2025

**DICKEY, J.**

**{¶1}** Appellant, James K. Bishop, who is currently incarcerated in Noble Correctional Institute as a consequence of his 2018 convictions in the Jefferson County Court of Common Pleas for theft, receiving stolen property, burglary, and safecracking, appeals the judgment entry of the Columbiana Court of Common Pleas granting the motion for relief from judgment filed pursuant to Civ. R. 60(B) on behalf of Appellee, Tonya L. Bishop, Appellant's former wife. The judgment entry sets aside a default judgment entered in favor of Appellant and against Appellee in the amount of $447,369. The trial court previously granted Appellant's motion for default judgment without a hearing after Appellee failed to answer, plead, or otherwise appear following service of the complaint. The complaint alleges Appellee defrauded Appellant when she told him that he fathered the three children born during their marriage.

**{¶2}** Within three months of the issuance of the default judgment, Appellee filed a motion for new trial, which was overruled. She then filed the motion for relief from judgment before this Court on appeal. Without conducting an evidentiary hearing, the trial court concluded Appellee's failure to appear was the result of excusable neglect (Civ. R. 60(B)(1)), and prospective enforcement of the default judgment was inequitable (Civ. R. 60(B)(4)). Finally, the trial court predicated its decision setting aside the default judgment on the catchall provision of Civ. R. 60(B)(5) without explanation. Because the trial court entered a default judgment in the amount of $447,369 in favor of Appellant and against Appellee without an evidentiary hearing, the judgment entry setting aside the default judgment pursuant to Civ. R. 60(B)(5) is affirmed.

## FACTS AND PROCEDURAL HISTORY

**{¶3}** On December 15, 2023, Appellant, acting pro se, filed a handwritten "complaint for damages from fraud." In his complaint, Appellant alleges Appellee "falsely and fraudulently stated and represented to [Appellant]" that the three children born during their marriage were fathered by Appellant. Appellant frequently worked out-of-state during the marriage and he asserts Appellee engaged in at least one known extra-marital affair. Appellant further alleges Appellee filed for state assistance in 2007, despite the

fact that the couple did not separate until 2008, when Appellee left Appellant for another man.

**{¶4}** Appellant alleges Appellee knew Appellant was not the father of any of the three children, and her representations regarding his paternity were made to induce Appellant to pay child support; give fatherly love and advice; watch the children on weekends so Appellee could "party;" and "[give the children] support in all their indever's [sic]." Complt. at ¶ 3.

**{¶5}** The prayer for relief reads, in its entirety:

> As a result of such false and fraudulent representations, the property which was of the value of $247,369.00 was lost to [Appellant], and by reason of the facts alleged, [Appellant] was damaged in the sum of $200,000.00.
>
> <u>WHEREFORE</u>, [Appellant] demands judgment against [Appellee] in the amount of $447,369.00, interest and cost. See memorandum in support attached hereafter.

(Emphasis in original) Complt. at ¶ 5-6.

**{¶6}** The handwritten memorandum in support provides citations to case law and reads in relevant part:

> In this present claim, [Appellee] by deceit, led [Appellant] to believe that the 3 children was [sic] his, by fraud filed for the state's assistance and asked the child support while still together with [Appellant] and hid vital mial [sic] to [Appellant] of that fact.
>
> Which lead [sic] to [Appellant] owing child support for approximately 1 ½ years prior to their actual separation, which I.R.S. records support. Also lead [sic] [Appellant] to pay unnecessary child support to children that are not his. The child support agency refuses to have [Appellee] produce D.N.A. test for each child nor will [Appellee] produce any.

<u>Case No. 24 CO 0030</u>

> [Appellant] has been severely aggrieved in this matter and has suffered greatly by [Appellee's] egregious actions.

Memorandum in Support at p. 6.

{¶7} A copy of the complaint was served on Appellee at [address redacted], and the certified mail return receipt was returned, signed and dated December 22, 2023. The individual who signed the green card did not print his or her name.

{¶8} On February 12, 2024, Appellant filed a handwritten "motion and supporting memoradam [sic] for default judgment." Because Appellee failed to file a motion, answer, or otherwise appear, Appellant requested a default judgment in the amount of $447,369. Attached to the motion is a copy of the certified mail return receipt indicating Appellant served Appellee at the redacted address.

{¶9} Civ. R. 55, captioned "Default," reads in relevant part:

> (A) Entry of Judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; . . . *If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper* and shall when applicable accord a right of trial by jury to the parties.

> (B) Setting Aside Default Judgment. If a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B).

(Emphasis added.)

{¶10} Ten days later on February 22, 2024, without a hearing, the trial court issued a judgment entry captioned "FINAL AND APPEALABLE," which reads in its entirety:

The matter is before the Court for consideration of [Appellant's] Motion for Default Judgment, filed February 12, 2024. [Appellee] was served with process by certified mail on or about December 22, 2023, according to the certified mail return receipt which was filed in this case on or about December 28, 2023. [Appellee] has failed to move or plead in response to the Complaint and is in default.

Upon consideration, [Appellant] is granted judgment by default against [Appellee], in the amount of $447,369.00 as prayed for in the Complaint, with interest thereon at the statutory rate from February 21, 2024, until paid in full.

The costs of this action are taxed against [Appellee].

**Pursuant to Civ. R. 58(B), the Clerk of this Court is requested to serve upon all parties not in default a notice of this judgment and the date of entry upon the journal.**

(Emphasis in original) (2/22/24 J.E., p. 1.)

{¶11} On March 4, 2024, Appellee, represented by counsel, filed a motion for new trial pursuant to Civ. R. 59. In the motion, Appellee alleged the default judgment was "not sustained by the weight of the evidence," and "this cause of action, if there is one, would have been addressed in the parties' 2007 divorce. It is clear Jefferson County has jurisdiction over the issue. [Appellant] has even sought to appeal the issue of paternity and genetic testing to the Seventh District Court of Appeals, without success." (Motion at p. 3.) The motion refers to an order of this Court, filed on February 21, 2024, in Case No. 24 JE 0002. In the order, we dismissed as untimely-filed Appellant's appeal of a judgment entry of the Jefferson County Court of Common Pleas overruling Appellant's motion for genetic testing and motion on complaint for fraud. Finally, Appellee argued "this issue is res judicata from the divorce and apparently from the appeal, [s]o there can be no admissible evidence to support this allegation." (*Id.*)

{¶12} On March 25, 2024, Appellant filed a praecipe for a certificate of judgment. On March 26, 2024, the clerk issued the certificate of judgment.

{¶13} On April 19, 2024, after the motion was fully briefed, the trial court denied the motion for new trial because "[t]here was no trial in this case for the purpose of Civ.R. 59." (4/19/24 J.E., p. 1.) The judgment entry noted a Civ. R. 60(B) motion was the proper pleading to challenge the default judgment.

{¶14} On May 3, 2024, Appellee filed the motion for relief from judgment that is the subject of this appeal. Appellee attached her own affidavit in support of the 60(B) motion. According to the affidavit, Appellee did not sign the certified mail return receipt and she cannot identify the signature. While she concedes she did not file an answer, she avers that she went to the courthouse on February 21, 2024, after she received the motion for default judgment, in order to speak with the judge.

{¶15} The affidavit reads in relevant part:

> I arrived [February 21, 2024] at 2:00 p.m., spoke to the Court's bailiff, and to an attorney who I met in the hallway (attorney Frank Williams) and also to security officer Boyd, in order to talk to the judge. I waited until four o'clock but I never got a chance to speak to the judge.
>
> [Appellant] and I were divorced in 2009 and three children were recognized in the divorce. He overwhelmed me with frivolous pleadings dealing with our children. He wanted to get out of child support obligation.
>
> I confused these Columbiana County Common Pleas Court pleadings with similar Jefferson County Common Pleas Court pleadings that deal with similar issues of support and paternity. I thought that the papers concluded this matter.

(3/4/2024 Affidavit of Appellee, p. 1-2.) In her final averment, Appellee denies the accusations in the complaint.

{¶16} Attached to the motion for relief from judgment are: (1) an enlarged copy of the certified mail return receipt; (2) a copy of the first page of the motion for default

judgment; (3) a copy of the first page of a judgment entry of the Jefferson County Court of Common Pleas, Juvenile Division, terminating support for the couple's oldest child and continuing support for the remaining children (the date stamp is illegible but appears to have been issued in August of 2023); (4) the February 21, 2024 judgment entry of this Court referenced above dismissing Appellant's appeal of the Jefferson County judgment entry overruling his motion for genetic testing and motion on complaint for fraud as untimely-filed; and (5) a copy of the first page of the November 1, 2010 divorce decree, which reads, in relevant part: "there has been three children born as issue of this marriage; to wit: T.B., age 7, born June 4, 2003; C.B., age 6, born August 19, 2004; and L.B., age 4, born February 19, 2006."

**{¶17}** Civ. R. 60(B) reads in its entirety:

> (B) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; Etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

(Emphasis in original.)

Case No. 24 CO 0030

**{¶18}** Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served. *Wells Fargo Bank, N.A. v. Stevens*, 2014-Ohio-1399, ¶ 9 (7th Dist.), citing *Colley v. Bazell*, 64 Ohio St.2d 243 (1980). A basic tenet in Ohio law is whenever possible cases should be decided on their merits. *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3 (1983). Moreover, several Ohio appellate courts have observed that matters involving large sums of money should not be determined by default judgments if it can be reasonably avoided. *Chapman v. O'Shaughnessy*, 2024-Ohio-2926, ¶ 49 (10th Dist.); *Lankford v. Weller*, 2023-Ohio-1830, ¶ 60 (4th Dist.); *King v. Water's Edge Condominium Unit Owners' Assoc.*, 2021-Ohio-1717, ¶ 39 (8th Dist.); *Wilson v. Lee*, 2007-Ohio-4542, ¶ 15 (2d Dist.).

**{¶19}** "In order to prevail on a Civ.R. 60(B) motion, 'the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.' " *Ohio Receivables, LLC v. Millikin*, 2018-Ohio-3734, ¶ 19 (7th Dist.), quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

**{¶20}** A party requesting Civ.R. 60(B) relief from judgment is only required to allege a meritorious defense or claim, not to prove that he will prevail on that claim or defense. *State Farm Ins. Co. v. Valentino*, 2003-Ohio-3487, ¶ 18 (7th Dist.). However, the moving party must allege operative facts with enough specificity to allow the trial court to decide whether he or she has met that test. *Syphard v. Vrable,* 2001-Ohio-3229.

**{¶21}** The Ohio Supreme Court has advised where a defendant presents a meritorious defense in a timely manner, any doubt on the categorization of neglect should be resolved in favor of the motion to set aside the judgment so that cases can be decided on their merits. *WFMJ Television, Inc. v. AT & T Federal Systems CSC*, 2002-Ohio-3013, ¶ 21 (7th Dist.), citing *GTE* at 151. We have interpreted the foregoing rule from *GTE* as follows:

> This can be interpreted as meaning: the more merit to the defense, the more
> neglect that will be permitted. It could also be interpreted as meaning: if the

court has a hard time deciding whether the neglect is excusable, the court should grant relief and thus err on the side of allowing a case to be heard on its merits.

*Fifth Third Bank v. Perry*, 2004-Ohio-1543, ¶ 16 (7th Dist.).

**{¶22}** Appellee predicates her motion for relief from judgment on excusable neglect, misconduct of an adverse party, and the argument that it is no longer equitable for the default judgment to have prospective effect. Appellee argues her neglect in failing to timely respond to the complaint is excusable because she did not sign the certified mail return receipt, and she attempted to speak in person with the presiding judge after she received the motion for default judgment. Further, Appellee alleges default judgment was entered as a result of Appellant's misconduct, as he "inundate[d] [her] with frivolous pleadings dealing with the parties' children and [Appellant's] resulting child support obligation." (Mot. at p. 3.) Finally, Appellee argues the 2010 divorce decree forecloses the issue of Appellant's paternity based on the doctrine of res judicata.

**{¶23}** Appellant filed his opposition brief to Appellee's 60(B) motion with leave of court on June 10, 2024. Appellant argues Appellee's motion for relief from judgment has no merit and cannot be used as a substitute for appeal. He cites Civ. R. 8(D) for the proposition that "averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

**{¶24}** On July 9, 2024, the trial court sustained the motion for relief from judgment. The trial court reasoned the motion was timely (as it was filed within 90 days of the issuance of the default judgment), and Appellee presented a meritorious defense based on the divorce decree. The trial court further found Appellee's neglect in failing to appear was excusable as it did not constitute "a complete or [sic] disregard of the judicial system." (7/9/2024 J.E., p. 3.) Next, the trial court opined it was no longer equitable that the default judgment have prospective effect based on Appellee's "possible defense." (*Id.*) Finally, and without explanation, the trial court found "[t]he record also demonstrates a valid reason why relief from default judgment is justified (Civ. R. 60(B)(5))." *Id.*

{¶25} This timely appeal followed.  Appellee filed a motion to dismiss the appeal as frivolous on September 9, 2024, arguing the appeal "is designed to needlessly frighten and annoy the opposing party and waste the court's time."  We summarily overruled the motion on October 1, 2024.

{¶26} Appellant's five assignments of error are grouped together and addressed out of order for clarity of analysis and judicial economy.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED BY NOT APPLYING THE PROPER LAW IN THEIR DECISION THAT [APPELLEE] PRESENTED A MERITORIOUS DEFENSE FOR THE THREE PRONG TEST IN *G.T.E.* BY EXCEPTING [SIC] [APPELLEE'S] ARGUMENT THAT THE PARTIES [SIC] DIVORCE ACTION COMPLIED WITH THE RULE.**

## ASSIGNMENT OF ERROR NO. 5

**THE TRIAL COURT ERRED BY GRANTING [APPELLEE'S] MOTION FOR RELIEF FROM JUDGMENT UNDER CIV. R. 60(B) BY NOT PROPERLY APPLYING THE LAW UNDER THE THREE PRONG TEST ESTABLISHED IN *GTE AUTOMATIC ELEC. V. ARC INDUSTRIES* 2014 OHIO 4275.**

{¶27} An order under Civ.R. 60(B) setting aside a default judgment is a final, appealable order. *State ex rel. Acosta v. Mandros*, 2024-Ohio-4891, reconsideration denied, 2024-Ohio-5529, citing *GTE* at 149-150.  The standard of review used to evaluate the trial court's decision to grant or deny a Civ.R. 60(B) motion is abuse of discretion. *Ohio Dept. of Job & Family Servs. v. State Line Plumbing & Heating, Inc.*, 2016-Ohio-342, ¶ 12 (7th Dist.). An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable.  *Manshadi v. Bleggi*, 2024-Ohio-5191, ¶ 13 (7th Dist.).

{¶28} Appellant argues the divorce decree from Jefferson County is insufficient to establish a meritorious defense to his fraud claim.  Appellant advances a factual argument predicated upon the statutory presumption of paternity created in R.C. 3111.03(A)(1), with

Case No. 24 CO 0030

respect to the youngest child. However, Appellee need only *allege* a meritorious defense to prevail on a motion to set aside judgment, rather than prove she will prevail on the defense. We find the trial court did not abuse its discretion in concluding Appellee alleged a meritorious defense, that is, the res judicata effect of the 2010 divorce decree, and that any factual argument advanced by Appellant may be considered following resolution of Appellees' procedural argument. Accordingly, we find Appellant's second and fifth assignments of error are meritless.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS FAILURE TO OVERRULE [APPELEE'S] MOTION TO VACATE THE DEFAULT JUDGMENT, BECAUSE [APPELLEE] FAILED TO DEMONSTRATE TO THE COURT THEIR FAILURE TO FILE AN ANSWER WAS EXCUSABLE NEGLECT ENTITLING THEM TO RELIEF UNDER CIV. R. 60(B)(1).**

{¶29} Next, Appellant argues the trial court committed error and abused its discretion in concluding Appellee's failure to appear constituted excusable neglect. Civ.R. 4.1(A)(1)(a) provides that service of process may be made by certified mail:

Evidenced by return receipt signed by any person, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

{¶30} When a plaintiff complies with the Rules of Civil Procedure, a rebuttable presumption of proper service exists. *Youngstown City Demolition v. Rainy Day Rentals,*

Case No. 24 CO 0030

*Inc.*, 2023-Ohio-3601, ¶ 14 (7th Dist.).  We have previously held that "[w]here a notice is sent by registered mail, with a return receipt requested, and thereafter a signed receipt is returned, a prima facie case is established of the fact of delivery of such notice to such address."  *Id.*, quoting *Tripodi v. Liquor Control Comm.*, 21 Ohio App.2d 110, 112, (7th Dist. 1970).

{¶31} A defendant can rebut the presumption of proper service with sufficient evidence. *Nationwide Mut. Fire Ins. Co. v. Barrett*, 2008-Ohio-6588, ¶ 13 (7th Dist.). A self-serving affidavit averring the defendant did not receive service may be sufficient to overcome the presumption of service. *Id.*, citing *Miller v. Booth*, 2006-Ohio-5679, ¶ 35-36 (5th Dist.), *Deaton v. Brookover*, 2004-Ohio-4630, ¶ 8 (8th Dist.). However, the trial court must hold a hearing to test the credibility of the defendant's assertion that she was not properly served.  *Id.*

{¶32}  According to Appellee's affidavit, she did not receive a copy of the complaint and she could not identify the signature on the certified mail return receipt.  Because Appellee's affidavit is self-serving, the trial court was required to conduct a hearing to test Appellant's credibility.  *See Allstate Ins. Co. v. Wilburn*, 2022-Ohio-2026, ¶ 20 (7th Dist.), appeal not allowed, 2022-Ohio-3546, A hearing in this case is required as Appellee concedes she received another pleading mailed to the same address, but did not receive the complaint. The trial court based its finding of excusable neglect on Appellee's averment that she sat for two hours at the courthouse in an effort to speak to the judge. However, the veracity of the foregoing averment could have also been confirmed at an evidentiary hearing.

{¶33} Accordingly, we find the trial court erred when it set aside the default judgment on the basis of excusable neglect without conducting a hearing.  Therefore, we find Appellant's first assignment of error has merit, albeit for a reason not advanced by Appellant.

{¶34}  Further, Appellant filed two motions on January 13, 2025 relating to the trial court's finding of excusable neglect:  A motion for issuance of subpoena and a motion for leave to expand the record.  Appellant moves to subpoena the telephone services provider at the Noble Correctional Institute for a recording of a December 2023 conversation between Appellant and a woman who allegedly tells him that Appellee

admitted Appellant was "suing her for a half million dollars," then supplement the record with the recording. Because we are affirming the judgment entry based on Civ. R. 60(B)(5), rather than 60(B)(1), both of Appellant's motions are moot.

## ASSIGNMENT OF ERROR NO. 3

### THE TRIAL COURT ERRED BY GRANTING RELIEF UNDER CIV. R. 60(B)(4).

{¶35} Next, Appellant contends the trial court abused its discretion in concluding the prospective effect of the default judgment was no longer equitable pursuant to Civ. R. 60(B)(4). Civ.R. 60(B)(4) "was designed to provide relief to those who have been *prospectively* subjected to circumstances which they had no opportunity to foresee or control" — it was not meant to offer a party a means to negate a prior finding that the party could have reasonably prevented. *Knapp v. Knapp*, 24 Ohio St.3d 141, 146 (1986) (Emphasis added). "Relief under Civ.R. 60(B)(4) must be warranted by events occurring subsequent to the entry of the judgment in question." *Mullaji v. Mollagee*, 2023-Ohio-246, ¶ 12 (9th Dist.). Events which occurred prior to judgment cannot be relied upon as grounds to vacate the judgment pursuant to Civ.R. 60(B)(4). *Youssefi v. Youssefi*, 81 Ohio App.3d 49, 52-53 (9th Dist. 1991). The circumstances must have been unforeseeable at the time of entry of the judgment. *Knapp* at 146.

{¶36} The trial court predicated its decision to set aside the default judgment on subsection (B)(4) based on the res judicata effect of the 2010 divorce decree. However, the divorce decree was in effect when the default judgment was entered. In other words, there was no change in circumstances following the entry of the default judgment that renders the prospective application of the default judgment inequitable. Accordingly, we find the trial court erred as a matter of law in setting aside the default judgment based on Civ. R. 60(B)(4).

## ASSIGNMENT OF ERROR NO. 4

### THE TRIAL COURT ERRED BY GRANTING RELIEF UNDER CIV. R. 60(B)(5).

Case No. 24 CO 0030

{¶37} Finally, Appellant argues the trial court abused its discretion in setting aside the default judgment based on Civ. R. 60(B)(5). Civ. R. 60(B)(5) is considered a "catch-all provision" that "reflect[s] the inherent power of a court to relieve a person from the unjust operation of a judgment." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraph one of the syllabus. Civ.R. 60(B)(5) cannot be used as a substitute for another more specific ground found in Civ.R. 60(B)(1)-(4). *Id.* at 66. Civ. R. 60(B)(5) relief is to be granted only in unusual or extraordinary circumstances, and will not operate to relieve a party who "ignores its duty to take legal steps to protect its interest." *Household Realty v. Cipperley*, 2013-Ohio-4365, ¶ 9 (7th Dist.).

{¶38} Although not raised by Appellee, the trial court did not hold a hearing prior to entering default judgment in favor of Appellant in the amount of $447,369. Neither the complaint nor the motion for default judgment provides any evidence in support of the alleged damages.

{¶39} A trial court lacks authority to award damages in the absence of evidence supporting the damage award. *Kelley v. Sullivan*, 2018-Ohio-1410, ¶ 10 (8th Dist.), citing *Carr v. Charter Natl. Life Ins. Co.*, 22 Ohio St.3d 11 (1986), syllabus. " 'Where a damages claim is "liquidated" or based on a readily ascertainable amount, such as an account, no additional proof is necessary.' " *Id.*, quoting *K. Ronald Bailey & Assocs. Co., L.P.A. v. Soltesz*, 2006-Ohio-2489, ¶ 16 (6th Dist.), *see also Clark v. Enchanted Hills Comm. Assn.*, 2020-Ohio-553, ¶ 11 (4th Dist.) ("In the context of damages on default judgment, generally, no proof of damages is required for a liquidated damages claim."). "A liquidated damages claim is one 'that can be determined with exactness from the agreement between the parties or by arithmetical process or by the application of definite rules of law.' " *Clark* at ¶ 11, quoting *Huo Chin Yin v. Amino Prods. Co.*, 141 Ohio St. 21, 29 (1943).

{¶40} " 'However, when the judgment is not liquidated, or only partially liquidated, it is reversible error for the trial court to enter a default judgment without holding a hearing on the damages issue.' " *Hull v. Clem D's Auto Sales*, 2012-Ohio-629, ¶ 7 (2d Dist.), quoting *Mid-America Acceptance Co. v. Reedy*, 1990 WL 94816 (11th Dist. June 29, 1990). In such circumstances, "[b]efore a money judgment may be awarded, the plaintiff must establish evidence of the damages." *Brooks v. RKUK. Inc.*, 2022-Ohio-266, ¶ 55

(5th Dist.). Typically, " 'once a right to damages has been established, that right cannot be denied because damages are incapable of being calculated with mathematical certainty.' " *Clark* at ¶ 10, quoting *Labonte v. Labonte*, 2008-Ohio-5086, ¶ 19 (4th Dist.), quoting *Pingue v. Pingue*, 1995 WL 768535, *10 (5th Dist. Nov. 6, 1995). "However, the amount of damages must be susceptible of ascertainment in some manner." *Smith v. Perkins*, 2024-Ohio-1419, ¶ 35-38 (3rd Dist.).

**{¶41}** Based on the substantial amount of damages awarded in this case, and the complete lack of evidence regarding damages, we find the trial court committed error when it failed to conduct a hearing on damages prior to entering the default judgment. Further, it is within the trial court's discretion to hold a hearing on a motion for default judgment "to establish the truth of any averment by evidence or to make an investigation of any other matter" prior to entering judgment. *See* Rule 55. Given the basis of the fraud claim and the fact that the parties were divorced, we likewise find the trial court abused its discretion in failing to hold an evidentiary hearing to establish the elements of fraud prior to entering the default judgment in this case. Consequently, we find Appellant's fourth assignment of error is meritless, and affirm the judgment entry of the trial court setting aside the default judgment.

## CONCLUSION

**{¶42}** For the foregoing reasons, we find Appellant's first and third assignments have merit, but his second, fourth, and fifth assignments of error do not. We agree the trial court erred in setting aside the default judgment based on excusable neglect (Rule 60(B)(1)), and in concluding the prospective effect of the default judgment was no longer equitable (Rule 60(B)(4)). Nonetheless, we find the allegations of fraud in the complaint coupled with the request for roughly one-half-of-a million dollars in damages constitute an unusual or extraordinary circumstance that justify setting aside the default judgment. Accordingly, the judgment entry of the trial court setting aside the default judgment entered in favor of Appellant in the amount of $447,369 pursuant to Civ. R. 60(B)(5) is affirmed, and this matter is remanded to the trial court for Appellee to file a responsive pleading to the complaint.

Robb, P.J., concurs.

Hanni, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, we find Appellant's second, fourth and fifth assignments of error have no merit and we affirm the judgment of the Court of Common Pleas of Columbiana County, Ohio, setting aside the default judgment.  This matter is remanded to the trial court for Appellee to file a responsive pleading to the complaint.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**