[Cite as *Bishop v. Bishop*, 2025-Ohio-1306.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

JAMES K. BISHOP,

Plaintiff-Appellant,

v.

TONYA L. BISHOP,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 CO 0030**

---

Application for Reconsideration and for En Banc Consideration

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Overruled.

---

James K. Bishop, Plaintiff-Appellant and

*Atty. Peter Horvath*, for Defendant-Appellee (No Response Filed).

Dated: April 8, 2025

**PER CURIAM.**

**{¶1}** On February 12, 2025, Appellant, James K. Bishop, acting pro se, filed an omnibus application for reconsideration pursuant to App.R. 26(A)(1) and for en banc consideration pursuant to App.R. 26(A)(2). The application calls into question our January 29, 2025 opinion and judgment entry in *Bishop v. Bishop*, 2025-Ohio-289 (7th Dist.), in which we affirmed the decision of the Columbiana County Court of Common Pleas, granting the motion for relief from judgment filed pursuant to Civ.R. 60(B) by Appellee, Tonya L. Bishop, Appellant's former spouse. The trial court had previously entered default judgment against Appellee, which was vacated as a consequence of the meritorious Civ.R. 60(B) motion.

**{¶2}** No opposition brief to the omnibus application was filed.

**{¶3}** App.R. 26 provides for the filing of an application for reconsideration, but includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *D.G. v. M.G.G.*, 2019-Ohio-1190, ¶ 2 (7th Dist.). The test generally applied is whether the application for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.*

**{¶4}** An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *Martin v. Taylor*, 2024-Ohio-3207, ¶ 1 (7th Dist.). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

**{¶5}** Appellant correctly argues Appellee predicated the motion for relief from judgment on Civ.R. 60(B)(1), (3), and (4), but the trial court granted relief from judgment based on Civ.R. 60(B)(1), (4), and (5) (without explanation). We affirmed the trial court's judgment relying exclusively on Civ.R. 60(B)(5). We opined the trial court's failure to conduct a hearing on the motion for default judgment, coupled with the allegations of fraud regarding the paternity of the couple's children and the request for roughly one-half-of-a million dollars in damages, constituted an unusual or extraordinary circumstance that justified setting aside the judgment. *Bishop,* 2025-Ohio-289, at ¶ 42.

**{¶6}** Appellant asserts he was denied the opportunity to be heard with respect to Civ. R. 60(B)(5) because it was not raised by Appellee in the motion for relief from judgment. However, an appellate court may affirm a trial court's decision on separate grounds so long as the evidentiary basis on which it relies was "adduced before the trial court." *Ricketts v. Everflow E., Inc.*, 2016-Ohio-4807, ¶ 20 (7th Dist.), quoting *State v. Peagler*, 76 Ohio St.3d 496 (1996), paragraph one of the syllabus.

**{¶7}** Our decision was predicated upon the record before us, including the allegations in Appellant's complaint, the motion for default judgment, and Appellant's arguments in opposition to the Civ. R. 60(B) motion. Because Appellant has failed to identify an obvious error in our decision or an issue that was not at all or not fully considered, we find his application for reconsideration has no merit.

**{¶8}** Appellant's application for en banc consideration is equally unavailing. The only cases cited by Appellant in the application are outside of our District. En banc consideration provides a method for resolving intra-district conflicts. *Gentile v. Turkoly*, 2017-Ohio-2958, ¶ 2 (7th Dist.), citing *McFadden v. Cleveland State Univ.*, 2008-Ohio-4914, ¶ 15. In the absence of an intra-district conflict, en banc consideration is not warranted.

**{¶9}** For the foregoing reasons, the omnibus application is overruled.

**JUDGE KATELYN DICKEY**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**

<u>Case No. 24 CO 0030</u>